[Civil No. 1952.   Filed April 22, 1922.]

[206 Pac. 164.]

## JOHN J. PHILLIPS, Appellant, v. V. C. MUSGRAVE, Appellee.

1. Compromise and Settlement—Agreement to Dismiss Suit for Disputed Amount and Accept Smaller Sum Than Claimed and Return of the Property Held Valid.—Where the vendor had brought suit to foreclose mortgages on other property given to secure the initial payment, to which defense was made that the entire sum was not yet due and that the contract for the sale of the land was void for fraud, an agreement between the parties, whereby the vendor accepted a return of the land from the purchaser and gave credit on the mortgage for a substantial portion thereof, was a compromise and settlement, whether in justice and equity the purchaser owed the vendor anything or not.

2. Compromise and Settlement—Is Binding Unless Obtained by Fraud.—An agreement of compromise of a pending suit for disputed claim, like any other contract, may be avoided or set aside for fraud in obtaining the compromise agreement, but it cannot be ignored without being set aside and defenses interposed to recovery thereon which might have been interposed in the former suit.

3. Compromise and Settlement — Motive of Debtor in Accepting Compromise not Obtained by Fraud is Immaterial.—If the compromise and settlement of a previous action was not obtained by fraud, the motive of the defendant in agreeing to it is imma-

tcrial, so that it is no defense to recovery on the compromise agreement that defendant entered into it merely because he could not sell his property while the previous suit was pending.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Judgment reversed, with directions.

### STATEMENT OF FACTS.

The plaintiff John J. Phillips, on April 12, 1918, sold to the defendant V. C. Musgrave the *west* half of the northeast quarter of section 15, etc., Maricopa county, Arizona, for $22,000, payment to be made as follows: $1,000 July 1, 1918; $4,000 January 1, 1919; and the balance in eight equal yearly installments. The purchaser, Musgrave, paid no cash, but gave to Phillips a mortgage, signed by himself and his wife, Bessie, on other property, to secure the payment of the first two notes, aggregating $5,000. The defendant was placed in possession of the premises, and retained possession of the same until December 10, 1918. Defendant farmed the land, and got the full benefit of the crops on the land when he took possession, and all the crops he raised on the land during the cropping season of 1918.

The defendant, failing to pay the $1,000 note when it fell due on July 1, 1918, plaintiff commenced an action in the superior court to foreclose the mortgage given to secure the first two notes, aggregating $5,000. Defendant answered, denying that the $4,000 note was due, and alleging that the plaintiff had deceived and defrauded him in the contract of sale in certain particulars therein mentioned, and further that the land described in the contract of sale was not the land defendant had bought from Phillips, the plaintiff, in that the contract described the land as the *east* half instead of the *west* half of the northeast quarter, etc. While this suit was pending the plain-

tiff and defendant, on December 10, 1918, got together and settled their differences, said settlement being embodied in a written instrument to the following effect: Musgrave agreed to surrender to Phillips the land, and all rights thereto under the contract of purchase. Phillips agreed to dismiss the foreclosure suit then pending and release Musgrave from the payment of the $5,000 secured by the mortgage being foreclosed, except the sum of $2,250 of it, which Musgrave agreed to pay, and which Phillips agreed might be discharged, by the payment by Musgrave of $1,875 if paid before February 15, 1919. Thereupon the suit was dismissed, and possession of the land was given over by Musgrave to Phillips; the notes being credited with $2,750.

This suit was brought to recover the sum of $2,250, being the balance after allowing the agreed credits, and to foreclose the mortgage given to secure the same. Musgrave answered the complaint, and again set up the alleged fraud of Phillips in the original sale of the land, and that there was no consideration for the notes. The plaintiff replied to the answer, setting up the agreement in compromise of the former lawsuit, alleging that all of the matters of defense pleaded by defendant Musgrave were settled in the former agreement. To this reply the defendant filed a rejoinder, admitting the settlement, but alleging that it was without consideration, and further that he was induced to make the settlement and compromise in order to conclude a real estate deal with certain other parties, who would not purchase his premises unless the foreclosure suit then pending was settled.

The cause was submitted to a jury, and the jury returned a verdict for defendant.

The plaintiff appeals from the judgment, and assigns as error the ruling of the court refusing

his motion for judgment on the pleadings, and the ruling denying his motion for a directed verdict at the close of the case. There are other errors assigned, but we do not deem it necessary to notice them.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellant.

ROSS, C. J. (After Stating the Facts as Above.)—The appellee has made no appearance in this court to defend the judgment secured by him in the lower court. The facts conclusively show that appellee had obligated himself to appellant in a large sum of money; that suit had been instituted to recover some portion thereof; that issues had been formed and a real controversy was pending. Now, whether in justice and equity the appellee owed appellant anything or not, they composed their differences by appellant's agreeing to accept a very much reduced sum and canceling the contract; the appellee delivering up possession of the land he had purchased and agreeing to pay the smaller sum. There was a compromise and settlement.

An agreement of compromise, like any other contract, may be avoided or set aside for fraud, deceit, or mistake, but not otherwise. The appellee in his answer does not attack the settlement on any of those grounds. He simply ignores the settlement and compromise, and interposes the same defense to this suit that he interposed to the former suit. This, as we understand the law, he may not do.

"The law favors the compromise and settlement of disputed claims and will sustain such settlements if fairly made, because it is to the interest of the state that there should be an end to litigation. Therefore a court of equity, in the absence of fraud or mistake, will not aid a party to an action to

violate a settlement of the litigation out of court, voluntarily entered into with the other parties." 12 C. J. 336, § 32.

Another statement of the law is as follows:

"The settlement of a controversy is valid and binding, not because it is the settlement of a valid claim, but because it is the settlement of a controversy, and when such settlement is characterized by good faith the court will not look into the question of law or fact in dispute between the parties, and determine which is right. All that it needs to know is that there was a controversy between the parties, each claiming in good faith rights in himself against the other and that such controversy has been settled." *Smith* v. *Farra,* 21 Or. 395, 20 L. R. A. 115, 28 Pac. 241.

The suggestion contained in appellee's pleadings that he compromised with appellant because some third parties, who were negotiating to purchase the mortgaged premises, would not consent to deal unless the foreclosure suit was settled, if true, would be no evidence that he was not indebted to appellant. Whatever his motive for compromising, so long as it was not induced by mistake or the fraudulent misrepresentations of appellant, it was binding. The lower court should have granted the appellant's motion for judgment on the pleadings, as also the motion for an instructed verdict.

The judgment is reversed and the cause remanded, with directions that appellant's motion for judgment on the pleadings be granted.

McALISTER and FLANIGAN, JJ., concur.