230

568 P.2d 1128

Joe W. SHELTON and Jane Doe Shelton, husband and wife, Wayne Shelton and Mary Doe Shelton, husband and wife, dba Arizona-Shelton Corp., and dba Shelton Drilling Company, Appellants,

v.

Kenneth N. GRUBBS, dba Grubbs and Sons Drilling Company, Appellee.

No. 2 CA–CIV 2440.

Court of Appeals of Arizona, Division 2.

July 20, 1977.

Cunningham, Goodson & Tiffany, Ltd. by Dow Glenn Ostlund, Phoenix, for appellants.

Karman & Ishmael, P. C. by Samuel T. Ishmael, Casa Grande, for appellees.

## OPINION

HATHAWAY, Judge.

This appeal challenges the granting of a summary judgment in a case involving compensation for drilling work. We believe the motion was properly granted and affirm.

Appellees filed the original action against appellants on June 14, 1974, alleging a breach of contract for the compensation. The trial date was continued by stipulation because counsel had entered into negotiations for compromise and settlement of the matter. An agreement was formalized on May 30, 1975, appellants agreeing to pay appellees $1,740.50 within 30 days and appellees agreeing to forego any further claims. The case was placed on the inactive calendar for dismissal and was subsequently dismissed without prejudice. Appellants did not pay the agreed upon sum, and the case was reinstated on November 17, 1975. On December 24, 1975, appellees filed a first amended complaint alleging the agreement of compromise and settlement and praying for judgment in the amount of $1,740.50, interest and costs and disbursements. They then filed a motion for summary judgment which was granted.

Both points raised by appellants on appeal concern whether appellees had a valid Arizona contractor's license at the time the drilling work contract was entered into. They argue that without such a license, appellees were not entitled to maintain an action to collect compensation for the work performed and therefore the compromise and settlement was void ab initio. Appellants have filed a lengthy brief stressing these points claiming that the lack of a valid license is a fatally defective jurisdictional flaw forbidding a valid compromise of appellees' original complaint. This argument overlooks the Arizona law concerning the effect of compromise and settlement.

A compromise and settlement has long been favored in Arizona. *Phillips v. Musgrave,* 23 Ariz. 591, 206 P. 164 (1922), citing *Smith v. Farra,* 21 Or. 395, 28 P. 241 (1891).

In *Dansby v. Buck,* 92 Ariz. 1, 373 P.2d 1 (1962), it was stated:

"It has always been the policy of the law to favor compromise and settlement; and it is especially important to sustain that principle in this age of voluminous litigation. * * * " 92 Ariz. at 11, 373 P.2d at 8.

The effect of a compromise and settlement is stated in 15A Am.Jur.2d Compromise and Settlement, § 25:

"A valid compromise and settlement is final, conclusive, and binding upon the parties and upon those who knowingly accept its benefit. It is as binding as any contract the parties could make, and as binding as if its terms were embodied in a judgment; and, regardless of what the actual merits of the antecedent claim may have been, they will not afterward be inquired into and examined."

Appellants do not deny that a compromise and settlement agreement was entered into. Rather, they claim that since the original claim was illegal or unenforceable because appellees did not plead the existence of a contractor's license, the agreement is void. This question was resolved in *Brecht v. Hammons,* 35 Ariz. 383, 278 P. 381 (1929), in which the parties had compromised a judgment subsequently proved to be void. Our Supreme Court said:

"What, then, is the effect of the compromise of a void judgment? A 'compromise' may well be defined as follows: An agreement between two or more persons who, for the purpose of preventing or putting an end to a lawsuit, adjust their differences by mutual consent in the manner which they agree on, and which any one of them prefers to the hope of gaining, balanced by the danger of losing. Under this definition the settlement of a bona fide dispute, or a doubtful claim, if made fairly and in good faith, is a sufficient consideration for a compromise based thereon. * * * And the real consideration which each party receives is not so much the sacrifice of the right, as the settlement of the dispute. [citing cases] * * *.

Of course, the surrender of a claim which is known to be entirely without foundation either in law or at equity does not afford a sufficient consideration for a compromise. * * * This does not mean, however, that the parties shall have settled the controversy as the law would have done, and it is immaterial upon which side the right ultimately proves to be. According to the great weight of authority, it is sufficient to support a compromise that there be an actual controversy between the parties of which the issue fairly may be considered by both parties as doubtful, and at the time of the compromise they in good faith so considered it. It is not essential that the question be in fact doubtful in legal contemplation. [cases cited]. * * Where parties settle a dispute upon a legal question, the fact that there was in truth no actual doubt about the law will not render such settlement nugatory. The fact that the point which was compromised could have been decided only one way under the facts in the case is no ground for repudiating the compromise. * * * "

In the case at bar, there is no allegation of fraud, misrepresentation or overreaching on either side nor is there an allegation that a mistake occurred. All that is required is that a bona fide dispute existed between the parties and that the compromise was entered into in good faith. Since there was no material factual issue as to the existence of a bona fide dispute and the subsequent valid compromise and settlement, summary judgment was proper.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.