[Civil No. 3095. Filed November 23, 1931.]

[5 Pac. (2d) 187.]

L. G. DOBY, Petitioner, v. MIAMI TRUST COM-
PANY, a Corporation, Defendant Employer,
THE INDUSTRIAL COMMISSION OF ARI-
ZONA, Defendant Insurance Carrier, and R. B.
SIMS, WM. E. HUNTER and CHARLES HART-
MAN, Members of the Industrial Commission of
Arizona, Respondents.

Mr. H. S. McCluskey, for Petitioner.

Mr. Terrence A. Carson, for Respondents.

LOCKWOOD, J.—L. G. Doby, hereinafter called
petitioner, in December, 1928, filed a claim before the

Industrial Commission of Arizona, hereinafter called the commission, for compensation for injuries which he alleged had occurred to him arising out of and in the course of his employment by Miami Trust Company, a corporation, hereinafter called the employer. The commission made some kind of investigation regarding the matter, but held no formal hearing at which petitioner was present or evidence taken, and on January 29, 1929, entered an order to the effect that the evidence was insufficient to establish that the injury arose out of and in the course of petitioner's employment, and denying compensation.

On February 9th petitioner made application for a rehearing, which was duly granted. This hearing was held February 25th, before John J. Taheny as referee, petitioner being present in person and represented by his counsel, Hon. H. S. McCluskey. Thereafter, and on March 27th, a further hearing in the same manner was held, petitioner being present in person and by counsel as before, and the employer being represented by its general manager, L. D. Van Dyke. The evidence at both hearings was taken *verbatim* by a reporter. Thereafter petitioner requested certain findings of fact, and also that the reporter's transcript be corrected to show certain matters which he claimed had been omitted therefrom.

No action was taken on this request, and no formal findings of fact or award was ever made by the commission after these hearings, but on May 27, 1929, the following document was executed:

"Settlement Agreement and Release.

"Know All Men by These Presents, That the undersigned claimant, for and in consideration of the sum of sixteen hundred sixty-eight ($1668.00) Dollars, to be paid to the undersigned claimant by the Industrial Commission of Arizona hereby releases and forever discharges Miami Trust Company and The Industrial Commission of Arizona, of and from any and

all manner of actions and causes of action, suits, debts, dues, sums of money, accounts, controversies, agreements, promises, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, and particularly from all claims and demands whatsoever, arising in or out of, or in connection with, an injury or injuries, including all the consequences thereof, suffered or claimed to have been suffered by L. G. Doby on or about the 4th day of December, 1928, in the State of Arizona, while in the employ of Miami Trust Company, which the undersigned claimant ever had, or now possesses, or which the undersigned claimant, or the heirs, executors, administrators, or assigns of the undersigned claimant, hereafter can, shall, or may have against either the Miami Trust Company and/or The Industrial Commission of Arizona, for, upon, or by reason of any matter, cause or thing whatever.

"And in consideration of the foregoing release the Industrial Commission of Arizona does hereby agree to forthwith pay said sum to said claimant.

"[Signed]  H. S. McCLUSKEY,
"Attorney for Claimant.

"[Signed]  L. G. DOBY,
"Claimant.

"THE INDUSTRIAL COMMISSION OF ARIZONA,

"[Signed]  By R. B. SIMS
"[Signed]  BURT H. CLINGAN,
"Commissioners.

"Dated at Phoenix, Ariz., this 27th day of May, 1929

"Witnesses:

"[Signed]  R. RAND
"[Signed]  ADRIA R. TURNER."

The money consideration set forth in said agreement was duly paid to petitioner. His attorney at the time protested in writing that he thought the amount of settlement unjust, and had so advised his client, but that, owing to the immediate need of the latter, he had decided to accept the offered settlement. No appeal to this or any court was ever taken

from any of the foregoing proceedings, unless this proceeding be considered as such.

Thereafter, and on March 30, 1931, petitioner filed an application for a rehearing in the matter, setting forth the original award denying compensation, the two hearings before the referee, the failure of the commission to take further formal action after those hearings, the agreement of settlement as aforesaid, together with various reasons which petitioner alleged induced him to enter into such agreement, and that after such agreement his condition had grown progressively worse as a result of the injuries received in the original accident for which compensation was sought; that the commission had him re-examined and operated upon, paying the costs thereof, and that he was at the time of his petition suffering from temporary total and permanent partial disability. On March 31st the commission sent the following letter to petitioner:

"We are in receipt of application for rehearing in your case.

"Review of the file indicates that said case has been definitely and finally closed and that it no longer is within the province of this Commission to reopen same.

"We regret that such are the facts."

Thereafter and within thirty days this appeal was initiated.

The contention of petitioner may be summed up as follows: (1) The commission, under the Constitution and laws of Arizona, is without jurisdiction to compromise a claim formally made before it for the adjudication of compensation. Its authority is limited to (a) approving or rejecting the claim as compensable under the statute, and (b) if and as it is found to be compensable, awarding compensation only on the basis set forth in the statute. (2) The so-called settlement agreement, if it be considered as a compro-

mise, is void as beyond the jurisdiction of the commission, and petitioner's rights are in no way affected thereby. (3) If it be considered, on the other hand, as in effect, though not in form, an award, it is an adjudication that the accident from which petitioner suffered was compensable, and petitioner is then entitled to have the case reopened for the purpose of showing the true amount of compensation due him, both under the original award and as a result of further development of the injuries previously suffered by him.

The commission's attitude, on the other hand, is that it has jurisdiction under the statute, to compromise doubtful claims, and that petitioner, with full knowledge of his rights, and under advice of counsel, did compromise his claim for compensation, and accepted settlement thereof, and that, such being the case, he is without standing in this court. The questions raised are of considerable importance to the proper administration of the Workmen's Compensation Act, and we therefore review the law somewhat at length.

The act is set forth in article 5, chapter 24, Revised Code of 1928, and we quote the particular sections or portions thereof necessary for the determination of the issues raised in this case as follows:

"1397. The commission shall have full power, jurisdiction and authority to administer and enforce all laws for the protection of life, health, safety and welfare of employees in every case and under every law, where such duty is not now specifically delegated to any other board or officer, and in such latter cases; to counsel and advise and assist in the administration and enforcement of such laws; to investigate, ascertain and determine such reasonable classification of persons, employments and place of employment necessary to carry out the purposes of this article; to promote the voluntary arbitration, mediation and conciliation of disputes between employers and employees. . . . "

"1398. Any employer or other person interested in, or affected by, an order of the commission, may petition for a hearing on the reasonableness and lawfulness of such order by a verified petition filed with the commission, setting out specifically and in detail the order upon which a hearing is desired, and the reasons why such order is unreasonable or unlawful, and the issue to be considered by the commission on the hearing. Objections other than those set forth in the petition are deemed finally waived.

"Upon receipt of such petition, if the issue raised in such petition has theretofore been adequately considered, the commission shall confirm, without hearing, its previous determination; if such hearing is necessary to determine the issue raised, the commission shall order a hearing thereon at such time as it shall prescribe. Notice of the time and place of such hearing shall be given to the petitioner and to such other persons as the commission may find directly interested in such decision. Upon the hearing if it be found that the order complained of is unlawful or unreasonable, the commission shall substitute therefor such order as may be lawful and reasonable, and may grant further time, reasonably necessary, for compliance with its order."

"1421. Every employee, hereinbefore designated, who is injured, and the dependents of every such employee who is killed, by accident arising out of and in the course of his employment, wheresoever such injury has occurred, unless purposely self-inflicted, *shall be entitled to receive, and shall be paid such compensation* for loss sustained on account of such injury or death, and such medical, nurse and hospital services and medicines, and such amount of funeral expenses, in case of death, *as are herein provided.*"

"1436. Every employee, or his legal representative in case death results, who makes application for an award *or with the consent of the commission accepts compensation from an employer,* waives any right to exercise any option to institute proceedings in any court. Every employee or his legal representative in case death results, who exercises any option to institute proceedings in court waives any right to

any award or direct payment of compensation from his employer.''

''1438. Every employee of an employer within the provisions of this article, who shall be injured by accident arising out of and in the course of employment, or his dependents, as hereinafter defined, in case of his death, *shall receive the compensation herein fixed,* on the basis of average monthly wage at time of injury.''

''1447. An employee entitled to compensation shall file with the commission his application therefor together with the certificate of the physician who attended him. . . . *Like application shall be made for an increase or rearrangement of compensation. No increase or rearrangement shall be operative for any period prior to application therefor,* and any such increase or rearrangement shall be within the limits and classifications provided herein. No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued.''

''1452. Within thirty days after the application for a rehearing is denied, or if the application is granted within thirty days after the rendition of the decision on the rehearing, any party affected thereby may apply to the supreme court of the state for a writ of certiorari to review the lawfulness of the award.''

''1457. . . . *An agreement by an employee to waive his rights to compensation, except as herein provided,* or an agreement by an employee to pay any portion of the premium paid by his employer, except for accident benefits, *shall be void. . . .* '' (Italics ours.)

Let us then consider the respective contentions of the parties in the light of these sections.

Construing all of them together, we are of the opinion the first proposition of petitioner in regard to the jurisdiction of the commission is correct, and that the error into which the commission has fallen is due to a very natural and understandable misapprehension of its duties in another field of its activities. In passing upon awards of compensation made by the com-

mission and brought before us for review in the statutory manner, we have repeatedly and consistently held that its decisions in questions of fact are entitled to the same respect as are the verdict of a jury or the findings of fact of a trial court, and we review those awards only in the same manner and to the same extent that we would review a judgment of the superior court. *Maryland Casualty Co.* v. *Industrial Commission,* 33 Ariz. 490, 266 Pac. 11; *Holloway* v. *Industrial Commission,* 34 Ariz. 387, 271 Pac. 713; *Blankenship* v. *Industrial Commission,* 34 Ariz. 2, 267 Pac. 203; *Federal Mutual Liability Insurance Co.* v. *Industrial Commission,* 31 Ariz. 224, 252 Pac. 512. But this implies necessarily that, if we are to give to the awards of the commission the credit which we do to the judgments of a trial court, the commission in making those awards is bound by the same fundamental principles of law and justice as are the courts, and the first principle applicable is that in considering an application for compensation it must act *judicially,* and in no sense as a partisan.

When the applicant presents his petition for an award of compensation for an injury, he is in the same position as the plaintiff who applies to a court of law for a judgment against some defendant. In such a case it is inconceivable that a court, *as such,* has jurisdiction to drive a bargain with the plaintiff for the compromise of a doubtful claim. All it can do is consider the evidence and determine whether as a matter of law and fact the claim is well-founded. And such we conceive is the jurisdiction of the commission *when it is asked to make an award.* It is true that it may sometimes find the question of compensability difficult to determine, but so does a court frequently find cases submitted to it difficult of determination. But none would hold that, because of such difficulty, the court is justified in announcing in sub-

stance to the plaintiff: "I am unable to decide whether your claim is well-founded or not in any part; I will therefore give you a judgment for part only of what you ask." If the evidence is not sufficient as a matter of law to sustain a judgment in favor of plaintiff, a court has no option but to render judgment for the defendant. If, on the other hand, the evidence in its opinion does sustain the judgment, it has no option but to render judgment in favor of the plaintiff. And so with the commission; no matter how doubtful the evidence or how difficult the conclusion is, the issue must be met and the decision made. If a petitioner has not established under the rules of law applicable to such cases that he is entitled to compensation, the commission has no jurisdiction to award him one penny. On the other hand, if it be determined that an accident is compensable, the amount of the award is governed by certain very specific and definite rules from which the commission cannot depart. Any award made by it must be based on, and can be justified only by, the provisions of the statute, and, should the award be either greater or less than the amount authorized, it is open to review in this court.

But, in addition to its jurisdiction to determine the compensability under the law of industrial accidents, in the exercise of which it must be guided solely by judicial principles, unless the statute expressly provides otherwise, the legislature has authorized the commission in effect to establish an insurance company for the purpose of providing funds with which to pay its awards. And in this part of its activities it is governed by entirely different principles—as much so as an entirely different and independent department of the state would be. In so far as *collecting* these funds is concerned, it of course follows the general economic principles applying to private in-

surance companies, except as limited by the statute. But, when it comes to their disbursement, an entirely different rule applies. The stockholders and owners of a private insurance company, organized for profit, are naturally interested in reducing their payments to a minimum so as to increase profits, and the officers of the company, *who represent primarily the stockholders,* and not the policy-holders, can and do quite properly use every legitimate means to reduce payments to a minimum, and, dealing as they do at arm's length with the insured, and handling their own funds, may bargain and compromise doubtful claims.

The commission occupies a very different position. In its *disbursement* of funds it is a trustee for a specific purpose, outlined in the statute, and pointed out in the individual case *by its award, made judicially. As such trustee,* it may act only in accordance with the terms of its trust, which are to pay to claimants the amount *fixed by the award.* It has no more interest in seeing that a claimant gets *less* than the law allows him than it has in allowing him to get *more.* It is in reality a neutral stakeholder, and, of course, as such has no right to make a compromise agreement of any nature involving claims for compensation against the funds which it holds.

It is but natural, and indeed, so far as intention is concerned, commendable, particularly in view of the fact that doubtless some false and many exaggerated claims are presented to the commission for allowance, that it should, perhaps unconsciously, assume the attitude that it is the guardian of the state insurance fund against the claimant, and in such guardianship has the same authority as the officers of a private corporation defendant. Were some independent tribunal the one which had the power to make awards binding upon the fund, this might perhaps be permitted by the law, but to allow a tribunal whose duty

it is to make an impartial decision, based on the law and the evidence, to bargain for a compromise of that very decision, is repugnant to every sense of justice. It is the duty of the commission, whenever a claim for compensation is presented to it, to search calmly, impartially, and judicially through all the sources available to it, either through presentation by others or by its own investigation, for the truth, uninfluenced by any consideration but the law and the facts, and then to make such award as in its opinion that law and those facts justify. It can no more avoid that duty and compromise a claim because of the difficulty of reaching a decision than can a court.

It is further the duty of the commission to pay compensation from its funds *only* as the result of an award and according to its terms, and it can pay neither more nor less than the award allows.

Counsel have called our attention to the cases of *Aetna Life Ins. Co.* v. *Industrial Commission,* 73 Utah 366, 274 Pac. 139, and *Brigham Young University* v. *Industrial Commission,* 74 Utah 349, 65 A. L. R. 152, 279 Pac. 889, as well as other cases referred to in those decisions. Of course, the workmen's compensation laws of the different states are statutory in their nature, and the decisions governing in one state may be of little value in others because of the difference in the statutes. It will be noted that in both of the cases just cited the compromise settlement was made between the *insurer* and the *injured workman; in the first case without* the approval of the Industrial Commission, and in the second case *with* its consent.

We have stated the reasons why the commission itself may not make a compromise, to wit, that, when it is called upon to act in determining the fundamental issue of whether or not an accident is compensable,

it is bound by the same rules as a court in making such determination, and cannot reach a compromise conclusion on that issue, and that, if the principal issue be once decided in favor of the claimant, the *amount* of compensation is fixed by the statute. So far as the rights of the employer or insurer and employee to make a compromise are concerned, they are regulated by the provisions of sections 1457 and 1436, *supra.* The Workmen's Compensation Act of Kentucky (Ky. Stats., § 4880 et seq.) contained provisions similar in substance to, though differing in form from, those of our act just cited, and the Court of Appeals of that state held that its statute allowed settlements between employer and employee directly when authorized by the commission, but not otherwise. *Workmen's Compensation Board* v. *Abbott,* 212 Ky. 123, 47 A. L. R. 789, 278 S. W. 533. We concur in the reasoning of that case, and are of the opinion that, in view of sections 1436 and 1457, *supra,* an employee may accept compensation directly *from his employer* so as to bar himself from further proceedings under the act, *provided* such settlement is approved by the commission, but any not so approved is void. With the principles of law above set forth to guide us, let us proceed with an examination of the record in this case.

The original award of the commission was a denial of compensation on the ground that the accident was not one of compensable nature. Thereafter in strict accordance with the statute a rehearing was held, at which evidence was taken. No formal award was ever made as a result of such rehearing, but the commission did pay to petitioner some sixteen hundred dollars as the result of an alleged settlement. This settlement was not made between the employer and the employee with the approval of the commission, but directly between it and the employee while an

application for an award was pending. As we have indicated, a compromise settlement of this nature was beyond the jurisdiction of the commission, nor could it pay any sum as the result of a claim for compensation without first having determined that the accident was compensable in its nature. We must therefore either consider the payment as an informal determination that the accident was of a compensable nature or as a wholly voluntary payment by the commission from the compensation fund with no authority therefor.

We're the act to be construed strictly, as are the common-law action of negligence and that of an insured against an insurer, and were the commission bound, not merely by fundamental principles, but also by the technical rules of legal procedure and their usual construction, we should perhaps be constrained to hold that petitioner, having in effect brought suit to recover damages for personal injuries, and having repudiated as void a compromise settlement of those damages, would be compelled, before maintaining his action, to return the amount received under the void settlement. And as under the allegations of poverty made by petitioner it would possibly or even probably be impossible for him to make such repayment, especially in view of the uncertainty of his being able to establish a right to any compensation whatever, such a holding would deprive him of any remedy. The act, however, is universally held to be entitled to a liberal construction, and under section 1453, Revised Code of 1928, the commission is expressly exempted from technical and formal rules of procedure, except as required by the act. Under these circumstances, we think that, since it is through a mistake of the commission as to the law that petitioner is placed in the situation in which he finds himself, instead of assuming the settlement to be void *in toto* and order-

ing him to repay the amount involved therein to the commission as a condition precedent to any future proceedings, we should rather assume that the commission is estopped from contending that the payment was not as a matter of fact, though not strictly such in form, an award that the claim was compensable in its nature, and the amount paid *prima facie* that which was then legally due under the act. Such being the case, under the provisions of section 1447, *supra*, petitioner might properly ask for an increase or rearrangement of compensation, as from the date of such petition for rehearing, in this case March 30, 1931, and it was the duty of the commission upon his petition therefor to investigate the situation in the manner provided in such section, and, assuming the original award settled conclusively that the case was a compensable one, to make such further award as it found the evidence presented justified. When the further award is made, the petitioner, if dissatisfied with it, may bring that question before us for review in the manner allowed by statute.

The letter sent by the commission on March 31, 1931, is in effect a denial of the petition for rehearing on the ground that it was not within the jurisdiction of the commission to grant it. This, as we have stated, is error. The denial of the petition for rehearing is set aside, and the matter remanded to the Industrial Commission, with instructions to grant petitioner a rehearing on his application for an increase or re-arrangement of compensation from March 30, 1931, under the provisions of section 1447, *supra*, and for such other action on that petition as the law and the facts may justify.

McALISTER, C. J., and ROSS, J., concur.