[Civil No. 4001.   Filed January 3, 1939.]

[85 Pac. (2d) 980.]

GEORGE SORENSON, Administrator De Bonis Non of the Estate of JAMES T. WHALEN (Also Known as J. T. WHALEN), Deceased, Appellant, v. SIX COMPANIES, INC., a Corporation, and THE INDUSTRIAL COMMISSION OF ARIZONA, a Department of the State of Arizona, Appellees.

Messrs. Moeur & Moeur, for Appellant.

Mr. Blaine B. Shimmel and Mr. Laurens L. Henderson, for Appellee Six Companies.

Mr. Howard A. Twitty, for Appellee Industrial Commission of Arizona.

LOCKWOOD, J.—George Sorenson, as administrator *de bonis non* of the estate of James T. Whalen, deceased, hereinafter called plaintiff, brought suit in the superior court of Maricopa county against Six Companies, Inc., a corporation, hereinafter called the company, and the Industrial Commission of Arizona, hereinafter called the commission. The substantial allegations of the complaint were as follows:

James T. Whalen on October 8, 1931, while employed by the company, sustained injuries by reason of an accident arising out of and in the due course of his employment. As a result of said injuries the commission assumed jurisdiction in the case and made findings and an award prior to the death of Whalen which, so far as material, read as follows:

"Findings.

"1. That the above-named applicant, while employed in the State of Arizona by the above-named defendant employer, who was insured against liability for compensation under said law by the above-named defendant insurance carrier, sustained an injury by accident arising out of and in the course of his said employment on October 8, 1931, which injury caused temporary disability entitling said applicant to compensation therefor in the total sum of $5,181.23, all of which has been paid.

"2. Said injury caused also a permanent partial disability equal to 65 per cent. loss of function of the left leg, entitling said applicant to compensation therefor in the sum of $84.00 monthly for a period of 32½ months.

"3. That it appears to the best interests of said applicant that said compensation for said permanent partial disability be commuted to its fair present value and paid in the lump sum of $2,514.15.

"Award.

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. The sum of $2,514.15 payable forthwith."

After said award, but before its payment, Whalen died, and plaintiff was appointed administrator *de bonis non* of his estate, and made demand for the payment of the lump sum award, which payment was refused.

The company and the commission both appeared and demurred on the ground that the complaint was insufficient to state a cause of action against either of them. The company further answered, alleging that it insured employees with the commission under the Workmen's Compensation Act, Revised Code 1928, section 1391 et seq., and claimed that since the death of Whalen it was the proper party to whom said award should be paid, rather than to plaintiff. The court sustained

both demurrers, and plaintiff electing to stand on his complaint, judgment was rendered that the complaint be dismissed as against both the company and the commission, whereupon this appeal was taken by plaintiff.

There are five assignments of error but they raise but one question of law for the consideration of the court, which may be stated as follows: May a lump sum award to an injured employee, which represents the commuted value of future compensation for an injury, be recovered by the administrator of the estate of the employee when the latter dies after an award is made, but before payment of the award by the commission?

It is the position of the plaintiff that the moment the award of a lump sum is made it becomes a vested right in the injured employee in the same manner as would a judgment of a court of competent jurisdiction in an action on contract or tort, and that upon the death of the employee from any cause whatever before the award is collected, such right passes to his legal representative, and may be collected in the same manner as any other asset of the estate. It is the contention of the company and the commission that an award under the Workmen's Compensation Act to an injured employee on account of a compensable injury is a purely personal non-assignable right, which lapses upon the death of the employee, and cannot be collected after such death, whether the award be for monthly compensation or is a commuted lump sum. In this case no question arises as to the rights of the dependents of the injured employee, as those rights are covered by other and independent provisions of the act.

The question is one of first impression in this state, although it has arisen in a number of other jurisdictions. The commission urges that the payment of the

award in question is prohibited by two things: First, the express provisions of section 1442, Revised Code 1928, and second, the general purpose and policy of the Workmen's Compensation Act, as shown by all of its provisions. We consider these two objections separately.

Section 1442, *supra,* reads, so far as material, as follows:

"*Compensation not assignable; exempt from levy; payment to non-residents.* Compensation, whether determined or not, shall not, prior to the delivery of the warrant therefor, be assignable; it shall be exempt from attachment, garnishment and execution, *and shall not pass to another person by operation of law.*" (Italics ours.)

There are three limitations placed by the section upon the payment of compensation, (a) it is not assignable prior to the delivery of the warrant; (b) it is exempt from attachment, garnishment and execution; and (c) it shall not pass to another person by operation of law. We have construed this section in the case of *Vukovich* v. *Ossic,* 50 Ariz. 194, 199, 70 Pac. (2d) 324, 326, and, strange as it may seem, plaintiff and defendants each seem to consider that decision as being decisive in their favor. The specific question involved in the case was whether certain money, which had been paid to Ossic on account of compensation and deposited by him in a bank, was subject to garnishment. The plaintiff cites the following language as showing that the court held, in substance, that the only effect of the section was to prohibit attachment, garnishment and execution and similar legal remedies from being levied upon the compensation after it had passed into the possession of the injured employee:

"If a study of section 1442 left its meaning doubtful, a consideration of the Workmen's Compensation Law (Rev. Code 1928, § 1391 et seq., as amended) itself

would aid in solving it. Keeping in mind that the purpose of that act is to compel industry to take care of those injured in its service, during their incapacity, and thus lift that burden from the shoulders of relatives, friends and the public, it would appear plain that it was not the intention that the funds paid him or them to meet this need should be taken from either and applied to other purposes. . . . ''

The commission, on the other hand, insists that the controlling language is:

'' . . . Plainly the purpose here was to exempt compensation from attachment, garnishment and execution, and the possibility of its passing to another by operation of law, . . . ''

Since the specific question involved was one of garnishment, anything said in regard to any other method of passing the title to compensation funds from an injured employee would be *obiter*, and it is obvious, on an examination of the entire case, that the question involved herein was in no manner considered by the court. We think upon reading the decision as a whole that the true solution of the present case is in no manner foreclosed nor even indicated therein.

So far as we are able to ascertain by an examination of the cases cited by both plaintiff and the commission, the states with statutes most nearly like section 1442, *supra,* are Washington and Wyoming. The Washington statute is in the following language:

"No money paid or payable under this act out of the accident fund shall, prior to issuance and delivery of the warrant therefor, be capable of being assigned, charged, nor ever be taken in execution or attached or garnished, nor shall the same pass to any other person by operation of law. Any such assignment or charge shall be void." Session Laws 1911, p. 364, § 10.

While the Wyoming law reads as follows:

"No money paid or payable under this chapter out of the industrial accident fund shall, prior to issuance

and delivery of the warrant therefor be capable of being assigned, charged or ever be taken in execution or attached or garnished, or shall the same pass to any other person by operation of law, any such assignment or charge shall be void." Sec. 4336, C. S. 1920.

The Supreme Courts of these two states have passed on the meaning of the statutes in cases on all-fours, so far as the essential facts are concerned, as that before us, and they held, in substance, that the phrase "by operation of law" in their statutes necessarily includes the right of the personal representative of the deceased to take property belonging to the latter and that he, therefore, may not recover a lump sum award made, but not paid, before the death of his decedent. *LaChapelle* v. *Union Pac. Coal Co.*, 29 Wyo. 449, 214 Pac. 587; *Ray* v. *Industrial Ins. Com.*, 99 Wash. 176, 168 Pac. 1121, L. R. A. 1918F 561.

The cases cited by plaintiff on this point are from states with statutes which are unlike section 1442, *supra,* and are based upon a construction of the particular law involved. If we are to base our decision upon a strict construction of section 1442, *supra,* we think it would be necessary to hold that, since it prohibits the passing of compensation by operation of law, and since the passing of the estate of a deceased person to his personal representative certainly takes place only by operation of law, the plaintiff cannot recover. We think, however, that we should not rely solely on a technical construction of an isolated section of the compensation law. The act is highly remedial in its nature, and is to be construed liberally for the benefit of the injured workman and his dependents. *Ocean Acc. & Guar. Corp.* v. *Industrial Com.*, 32 Ariz. 265, 257 Pac. 641; *Federal Mut. Liability Ins. Co.* v. *Industrial Com.*, 32 Ariz. 293, 257 Pac. 982. The right conferred thereby is purely of statutory origin and cannot be extended beyond the terms of the statute

creating it. *Proops* v. *Twohey Bros.*, 29 Ariz. 164, 240 Pac. 277. Nevertheless it is to the whole statute, rather than to a single portion thereof, that we should look to determine the reason for its adoption by the legislature and the purpose which it was intended to accomplish. *Street* v. *Commercial Credit Co.*, 35 Ariz. 479, 281 Pac. 46, 67 A. L. R. 1549.

The cause of the adoption of the act was undoubtedly the thought which has arisen in modern times that loss of wages by reason of personal injuries which are incident to an occupation, are in reality a part of the cost of operation, and must, therefore, be borne by the industry in the same manner as the depreciation and replacement of inanimate machinery and included in the cost of the product. *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686, 151 Pac. 398; *Corral* v. *Ocean Acc. & Guar. Corp.*, 42 Ariz. 213, 23 Pac. (2d) 934. Such being the case, the purpose to be accomplished by the compensation act is to provide for the injured employee, and those dependent upon him, a certain amount of compensation which is supposed to represent, in part at least, the wages which he would presumably have earned had he not been injured. *Union Iron Works* v. *Industrial Acc. Com.*, 190 Cal. 33, 210 Pac. 410.

That the compensation awarded is in lieu of lost wages and not as damages for pain, suffering and monetary loss caused by the fault of the employer is shown beyond question by the provisions of the act. Section 1438, Revised Code 1928, sets forth the measure of compensation to be paid for the many types of injuries which may be suffered. Even when the injury causes death and the payment is made to those dependent upon the deceased, in each case the amount paid is based upon the wages which had been earned by the latter. When compensation is awarded for the benefit of the injured employee himself, it is even more

apparent that it is based upon lost wages, for the statute not only fixes the compensation at a certain percentage of the wage, but also provides specifically

"but the payments shall not continue after the disability ends, or death of the injured person, and in case the partial disability begins after a period of total disability the period of total disability shall be deducted from such total period of compensation."

There can be no possible question that by the specific language of the statute when the compensation is to be paid in monthly installments for injuries which do not cause death, the whole intent and purpose of the law is that, under all conditions, it ceases at the subsequent death of the injured employee. Nor is this questioned by plaintiff. His position is that when an award is made, the entire amount due and payable then becomes a vested right, and that the death of the injured employee in no manner affects the right of his estate to recovery.

We think plaintiff misunderstands the nature of a lump sum award. Strictly speaking, the commission has no jurisdiction to award a lump sum to any claimant for compensation under the act under any circumstances whatsoever. Section 1438, *supra,* which gives the measure of compensation, provides only for monthly compensation. Nowhere therein do we find any provision that compensation may be awarded in any other manner. The authority for the payment of a lump sum to the injured employee, or his dependents, is found in section 1443, Revised Code 1928, which is in the following language:

"*Conversion to lump-sum payment.* The commission may allow the conversion of the compensation into a lump-sum payment, not to exceed the sum of sixty-five hundred dollars, under such rules and regulations and system of computation as it may devise for obtaining the present value of such compensation."

It will be seen from an examination of the act as a whole that the only correct procedure on the part of the commission is to award compensation under the provisions of section 1438, *supra,* which, as we have said, provides only for compensation made on the basis of monthly wages, and then if, in its discretion, it thinks best to *commute* the award of compensation to its present value, it may do so.

Since it is plain the purpose of the act is to place on industry the burden of the loss of wages by an injured employee, through the payment to him of compensation which represents the lost wages, and since an award of future compensation must be made on a monthly basis and represents presumptive lost future wages from the date of the award, and by statute ceases at the death of the injured employee, and since, if such award be commuted to a lump sum, it must still necessarily represent such wages, we think the spirit of the act implies that if the lump sum, which is but the representative of such wages, is unpaid when the injured employee dies, any right to the award has ceased, and his personal representative has no right to recover it.

The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.