422 P.2d 694

The INDUSTRIAL COMMISSION of Arizona, Appellant,

v.

HARBOR INSURANCE COMPANY, a corporation, Appellee.

No. 8924.

Supreme Court of Arizona.

In Banc.

Jan. 26, 1967.

Robert K. Park, Chief Counsel, by Joyce Volts and Arthur B. Parsons, Jr., Phoenix, for appellant.

Shimmel, Hill, Kleindienst & Bishop, by Rouland W. Hill, Phoenix, for appellee.

LOCKWOOD, Justice:

An appeal was taken from the Superior Court's judgment considering certain rules adopted by the Industrial Commission. The Court of Appeals held that it was without jurisdiction to hear the appeal and transferred the case to us.

The Court stated that A.R.S. § 23–948 provides that the proper court in which to take such an appeal is the Supreme Court. The Court reasoned that A.R.S. § 23–951, which provided for a writ of certiorari to issue from the Supreme Court to review the lawfulness of an award of the Industrial Commission in an industrial injury case, was amended to also give jurisdiction in these matters to the Court of Appeals. It is also pointed out in the opinion that A.R.S. § 23–1146, which authorizes an issuance of a writ of certiorari from the Supreme Court in order to review the lawfulness of the Industrial Commission's award for an occupational disease, was amended to also give the Court of Appeals jurisdiction to issue the writ of certiorari. Judge Stevens, writing for the Court, states that the failure of the legislature to amend A.R.S. § 23–948 is an indication that they wished to leave the Supreme Court with the exclusive jurisdiction to review the lawfulness of new rules made by the Industrial Commission. We do not agree.

The general jurisdictional statute regarding the Court of Appeals is set out in A.R.S. § 12–120.21. The grant of jurisdiction is extremely broad. In Arizona Podiatry Asso. v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (Dec. 22, 1966) this court stated that there were over forty statutes enacted into law before the creation of the Court of Appeals, which provided that the proper court for an appeal was the Supreme Court. See Arizona Podiatry Asso. v. Director of Insurance, supra, Appendix I. This is such a statute. The Court in the Podiatry case, supra, ruled that in light of the broad grant of jurisdiction in A.R.S. § 12–120.21 the legislature did not mean to preclude the Court of Appeals from exercising concurrent jurisdiction with this Court by the mere failure to repeal or amend these statutes. This is a case in which an appeal from the judgment of the Superior Court is authorized. Under A.R.S. § 12–120.21 the Court of Appeals is one of the proper courts to hear the case and the transfer of the case to this Court based on lack of jurisdiction in the Court of Appeals was erroneous.

The case is retransferred to the Court of Appeals, Division I for proper disposition.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.