463 P.2d 550

Earl C. GOODRICH, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Bruce C. Thoeny, Chairman, Frank C. Murphy, Member, Richard E. Bailey, Member, John L. Ahearn, Member, Robert W. Knox, Member; and MEVA CORPORATION and Argonaut Insurance Company, Real-Parties in Interest, Respondents.

Lindley R. JOHNSON, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Bruce C. Thoeny, Chairman, Frank C. Murphy, Member, Richard E. Bailey, Member, John L. Ahearn, Member, Robert W. Knox, Member; and MEVA CORPORATION and Argonaut Insurance Company, Real-Parties in Interest, Respondents.

Nos. 1 CA–CIV 1262, 1263.

Court of Appeals of Arizona, Division 1.

Department B.

Jan. 15, 1970.

Stephen L. Weiss, Dushoff, Sacks & Corcoran, Phoenix, for Earl C. Goodrich.

Jack Levine, Langerman, Begam & Lewis, Phoenix, for Lindley R. Johnson.

William C. Wahl, Jr., Phoenix, for Industrial Commission of Arizona, et al.

J. Michael Moeller, Robertson & Fickett, Tucson, for Meva Corp. and Argonaut Ins. Co.

## PER CURIAM.

The petitioners in these two substantially identical cases seek issuance by this Court of original writs of mandamus directed to the Industrial Commission to compel the Commission to consider certain stipulations and other documents filed with it which, if considered and approved by the Commission, would result in lump-sum settlements for the allegedly industrially-injured petitioners in an amount in excess of the $6,500 "conversion" limit fixed by A.R.S. Section 23–1067.

The stipulations and other documents in question were presented to the Commission by petitioners and the respondent employer and compensation carrier in the course of regular proceedings instituted by petitioners for awards of compensation. There have not yet been adjudications by the Commission that petitioners are entitled to compensation in any amount. The Commission deemed itself without jurisdiction to consider the documents by reason of the $6,500 limitation in Section 23–1067, and

entered "orders" denying approval of the proposed settlements. Thereafter, and prior to coming here, petitioners applied to the Supreme Court for writs of mandamus to compel the Commission to consider and pass upon the proposed settlements. The Supreme Court denied these applications without specification of grounds or other comment.

It is unnecessary for us to state the various substantive contentions advanced by petitioners, because it is clear to us that in these matters there is no jurisdictional basis for this Court to issue writs of mandamus to the Industrial Commission.

Our Supreme Court has original jurisdiction to issue " * * * mandamus * * * and other extraordinary writs to state officers." Article 6, Section 5(1), Constitution of Arizona, A.R.S. By statute, also, the Supreme and Superior Courts are vested with jurisdiction to issue writs of mandamus to inferior tribunals and boards, including state officers. A.R.S. Section 12–2021. This Court, which is a court of statutory creation with jurisdiction defined by statute, see Article 6, Section 9, Constitution of Arizona, and Morrison v. Superior Court, 10 Ariz.App. 601, 461 P.2d 170 (1969), has not been granted a similar general power. This Court's jurisdiction to issue extraordinary writs is confined to issuance of writs of certiorari to review *awards* of the Industrial Commission, and to issuance of writs " * * * necessary and proper to the complete exercise of its appellate jurisdiction." A.R.S. Section 12–120.21, subsec. A, pars. 2 and 3, as amended in 1969; and see Morrison v. Superior Court, supra.

It is urged that jurisdiction exists in this Court by reason of A.R.S. Section 23–948, which reads, as amended in 1968, as follows:

"§ 23–948. Jurisdiction of actions concerning orders or petitions for writ of mandamus; right of appeal

No court of this state, except the superior court, the court of appeals and the

supreme court on appeal shall have jurisdiction to review, vacate, set aside, reverse, revise, correct, amend or annul any order of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its duties, *but a writ of mandamus may issue from the supreme court to the commission in proper cases,* and an appeal may be taken from the superior court to the supreme court in all cases." (Emphasis ours)

It will suffice to say that this statute does not contain any affirmative grant of original jurisdiction to this Court. Indeed, in the clause which we have italicized, it appears to recognize the power which the Supreme Court has, and which this Court does not have, to issue writs of mandamus to state officers.

■ It is also urged by petitioners that if they do have a remedy in the Superior Court by reason of the provisions of A.R.S. Section 23–946, this Court has an ultimate potential appellate jurisdiction over the issue and therefore a present power to issue writs of mandamus pursuant to Section 12–120.21, subsec. A, par. 3, as amended. Subsection A of Section 23–946 reads as follows:

"A. Any person in interest dissatisfied with an order of the commission may commence an action in the superior court of the county where the property, plant or place of employment affected by the order is located against the commission as defendant to set aside, vacate or amend the order, on the ground that the order is unreasonable or unlawful, and the superior court shall have exclusive jurisdiction thereof. * * *"

We will hereafter allude to the question of whether or not petitioners have a remedy

under Section 23–946. If they do, that circumstance would not bestow upon this Court a present jurisdiction to issue the requested writs. While this Court has jurisdiction to entertain an appeal in an action commenced pursuant to Section 23–946, see Industrial Commission v. Harbor Insurance Company, 101 Ariz. 578, 422 P.2d 694 (1967), this Court held in the *Morrison* case that it could only grant extraordinary relief where there is a direct chain of appeal to this Court. An action commenced pursuant to Section 23–946 " * * * is not an appeal in any sense of the word but is an original proceeding filed in the Superior Court * * *." O'Neill v. Martori, 69 Ariz. 270, 275, 212 P.2d 994, 997 (1949). This Court has no direct appellate jurisdiction over the orders of the Industrial Commission, which is where petitioners' *matters rest now.*

■ Finally, it is urged by one of the petitioners in his brief that this Court has jurisdiction by reason of Section 12–2021, referred to above, which grants the Supreme Court and the Superior Court the power to issue mandamus. We pointed out in *Morrison* that this statute and similar enactments regarding the issuance of certiorari and quo warranto (A.R.S. Sections 12–2001 et seq. and 12–2041 et seq.) were in existence at the time of the creation of the Court of Appeals but were not amended to include the Court of Appeals. We held, distinguishing the situations in which the legislature had failed to amend statutes providing for an ordinary appeal to the Supreme Court,[1] that in view of our status as a court of statutory jurisdictional limitation the legislature's failure to amend these statutes to include this Court precluded their use by us as a basis for jurisdiction.[2] We adhere to that position.

---

1. See Arizona Podiatry Association v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (1966), and related cases discussed in *Morrison*, supra, at 10 Ariz. App. 601, 461 P.2d 175.

2. We did not in the *Morrison* case make a specific reference to the case of Genda v. Superior Court, 103 Ariz. 240, 439 P.2d 811 (1968). The court in *Genda* set out A.R.S. § 12–2001, which states

[redacted] In advancing their arguments that this Court has jurisdiction, petitioners take the position that they are without an alternative remedy in these matters. In this connection we note that all of the parties before us appear to be in agreement that the Commission's "orders" refusing to consider or approve the proposed lump-sum conversions of the conditionally stipulated benefits are in legal contemplation *orders* of the Commission, as opposed to awards. The distinction is critical, because the remedy available to a dissatisfied party is different. In the case of an award, the remedy is to petition for a review by writ of certiorari in this Court within 30 days after the award has been rendered. A.R.S. Sections 23–943 and 23–951. In the case of an order, the remedy is to commence an action in the Superior Court pursuant to Section 23–946, set forth above.

[redacted] The most recent pertinent Supreme Court case which we have found holds that a Commission decision denying lump-sum conversion is an order, and not an award. Gashette v. Industrial Commission, 80 Ariz. 5, 7, 291 P.2d 783, 785 (1955). The denial of conversion in that case, however, took place after an award had been rendered. While petitioners urge the inapplicability of Section 23–946 to them for various reasons, unnecessary to mention, the Commission takes the position that the orders at issue here are not the *kind of orders* which are reviewable in the Superior Court under Section 23–946. See Murphy v. Industrial Commission, 52 Ariz. 343, at 346–347, 80 P.2d 960, at 961–962 (1938). None of the parties have called attention to the fact that the pertinent statutory definition of the term "order" was amended as of January 1, 1969, to exclude from the terms of the previous definition:

> "* * * an award or a directive by the commission or a hearing officer relative to any entitlement to compensation benefits, or to the amount thereof, and any procedural ruling relative to the processing or adjudicating of a compensation matter."
>
> A.R.S. § 23–901, subsec. 6, as amended by Chapter 6, § 11 of the Fourth Special Sesssion Laws of 1968.

We have no reason to doubt petitioners' statement that there are many claims pending before the Commission in the same posture as theirs, and we recognize that petitioners seek guidance in ascertaining their proper remedy. While this Court might possibly have had occasion to reach the question of the availability to petitioners of a remedy pursuant to Section 23–946 in connection with their contention concerning our ultimate potential appellate jurisdiction, the obviously critical question of the effect of the recent amendment of the definition of the term "order" as used in Chapter 6 of Title 23, A.R.S., has not been briefed at all, and we decline to pass upon it.

Petitions denied.

in part that "The writ of certiorari may be granted by the supreme and superior courts * * *", in a review of a certiorari proceeding originally commenced in Division Two of the Court of Appeals. Quotation of this statute seems to have been in connection with a general discussion of the nature and propriety of the remedy of certiorari, which appears at 103 Ariz. 241–242, 439 P.2d 812–813. There appears to have been no question but that an appeal from the Superior Court order at issue in the proceeding would lie, and hence a certiorari proceeding in the Court of Appeals would have been proper as an incident of the latter court's "appellate jurisdiction" under A.R.S. § 12–120.21, subsec. A, par. 3, as amended. Under these circumstances, as indicated by *Morrison*, we see no room for an inference that by merely setting forth § 12–2001 in the body of the *Genda* opinion our Supreme Court intended to indicate a construction of the act which would include the Court of Appeals within its terms.