477 P.2d 276

Earl GOODRICH, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Meva Corporation, Respondent Employer,

Argonaut Insurance Company, Respondent Carrier.

Lindley R. JOHNSON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Power City Construction and Equipment Co., Inc., Respondent Employer,

Argonaut Insurance Company, Respondent Carrier.

Nos. 1 CA–IC 432, 1 CA–IC 439.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 1, 1970.

Rehearing Denied Dec. 30, 1970.

Review Denied Feb. 9, 16, 1971.

Dushoff, Sacks & Corcoran, by Stephen L. Weiss, Phoenix, for petitioner Goodrich.

Langerman, Begam & Lewis, by Jack Levine, Phoenix, for petitioner Johnson.

Robertson & Fickett, P. C., by Leonard Everett and J. Michael Moeller, Tucson, for respondent Employers and respondent Carrier.

Donald L. Cross, Chief Counsel, by William C. Wahl, Jr., Phoenix, for respondent Industrial Commission of Arizona.

CAMERON, Judge.

The Court granted writs of certiorari to review the lawfulness of awards and findings of the Industrial Commission in the two above-entitled cases.[1] Because the two cases contained an identical question of law, they were consolidated by this Court for hearing, decision, and opinion.

The facts are not in dispute. In case number 1 CA–IC 432, Earl Goodrich was injured on 2 April 1966, in an accident arising out of and in the course and scope of his employment. The Industrial Commission of Arizona entered findings and award for continuing benefits on 13 May 1966 and findings and award and order pending determination of earning capacity on 24 October 1968. Following this, petitioner, his employer, and the employer's insurance

carrier, on the basis of a rehabilitation evaluation program conducted by a manpower specialist, agreed that it would be in petitioner's best interests to go into his own business. The insurance carrier, on behalf of the employer, was agreeable to settling the claim for the amount of $39,000. They petitioned the Industrial Commission for approval of the settlement which was denied by the Commission. This denial was considered by this Court in Goodrich v. Industrial Commission, 11 Ariz.App. 244, 463 P.2d 550 (1970), in which this Court held it did not have jurisdiction to issue a writ of mandamus to the Commission. Thereafter, the Commission issued an award titled "Findings And Award And Order Denying Approval of Settlement And Denying Petition For Advancement of Compensation Pending Determination of Earning Capacity." Petitioner Goodrich brings this writ of certiorari to review the lawfulness of said award.

In 1 CA–IC 439, the petitioner, Lindley R. Johnson, on 16 July 1968, was also injured in the course and scope of his employment. After a rehabilitation evaluation conducted by a rehabilitation supervisor of the employer's insurance carrier, a lump-sum settlement of $40,000 was agreed to by the petitioner, the employer, and the insurance carrier. Petition to the Industrial Commission was made requesting approval of the compromise which was denied by the Commission. See Johnson v. Industrial Commission, 11 Ariz.App. 244, 463 P. 2d 550 (1970). From an award "Denying Approval of Settlement and Denying Petition For Advancement of Compensation" a writ of certiorari was brought to this Court to review the lawfulness of said award.

Our statute reads as follows:

"§ 23–1067. Conversion of compensation to lump-sum payment

"The commission may allow conversion of the compensation into a lump-sum payment not to exceed sixty-five hundred

---

. 1. These cases were decided under the law as it existed prior to 1 January 1969.

dollars under such rules, regulations and system of computation as it devises for obtaining the present value of the compensation."

In 1970, this section was amended to allow a lump-sum payment of not to exceed $25,000. We are concerned here with a very narrow question and that is, after a claim filed with the Industrial Commission has been found to be compensable, does the Commission, prior to determination of the amount of compensation, have the jurisdiction and authority to authorize a compromise settlement of the claim and, if so is it limited by the provisions of § 23–1067 as to the amount of the settlement.

■■■ The Arizona cases which appear to be most in point are Doby v. Miami Trust Company, 39 Ariz. 228, 5 P.2d 187 (1931), Doyle v. Old Dominion Company, 44 Ariz. 123, 34 P.2d 401 (1934), Sorenson v. Six Companies, Inc., 53 Ariz. 83, 85 P.2d 980 (1939), and Federal Mutual Life Insurance Company v. Industrial Commission, 31 Ariz. 224, 252 P. 512 (1926). It would appear from these cases that the Commission does have the authority to approve a compromise settlement of a claim where the claim has not been accepted as compensable under the Arizona Workmen's Compensation Act. According to Doyle and Doby, supra, such a settlement is void unless acted upon and approved by the Commission. Once a claim has been accepted as compensable, however, as in the instant cases, then we believe the Commission is without jurisdiction to compromise or to approve a compromise settlement. As Justice Alfred C. Lockwood stated:

"We think plaintiff misunderstands the nature of a lump sum award. Strictly speaking, the commission has no jurisdiction to award a lump sum to any claimant for compensation under the act under any circumstances whatsoever. Section 1438, supra, which gives the measure of compensation, provides only for monthly compensation. Nowhere therein do we find any provision that compensation may be awarded in any other manner. The authority for the payment of a lump sum to the injured employee, or his dependents, is found in section 1443, R.C.1928, which is in the following language:

"'Conversion to lump-sum payment. The commission may allow the conversion of the compensation into a lump-sum payment, not to exceed the sum of sixty-five hundred dollars, under such rules and regulations and system of computation as it may devise for obtaining the present value of such compensation.'

"It will be seen from an examination of the act as a whole that the only correct procedure on the part of the commission is to award compensation under the provisions of section 1438, supra, which, as we have said, provides only for compensation made on the basis of monthly wages, and then if, in its discretion, it thinks best to commute the award of compensation to its present value, it may do so." Sorenson v. Six Companies, Inc., supra, 53 Ariz. at pp. 91, 92, 85 P.2d at p. 983.

■ We feel that the Commission then may approve a compromise or lump-sum settlement prior to the time that the Commission has taken any action accepting the claim. Once the Commission has determined that a claim is compensable it must then determine, according to the facts and the law, the amount of compensation to which the applicant is entitled. After the monthly payments have been determined and if it appears to be in the best interest of the petitioner to commute to a lump-sum payment, the Commission may do so.

■ Having decided that the Commission may, in certain instances, approve of a lump-sum settlement, we next go to the $6,500 (now $25,000) limitation contained in the statute. We do not believe that the Commission, under the statute, may approve a conversion to a lump-sum payment for any amount larger than the amount indicated in the statute.

Petitioner in the Johnson case urges the applicability of A.R.S. § 23–107, subsec. A, par. 3 which reads in part as follows:

"§ 23–107. General Powers

\* \* \* \* \* \*

"3. Promote the voluntary arbitration, mediation and conciliation of disputes between employers and employees."

We do not believe that this general power given under § 23–107 may override the specific provisions of § 23–1067, limiting the amount of the lump-sum payments.

We have read the file and we believe that the parties have made commendable and earnest efforts to provide for the well-being of the petitioners. It may well be that this is a preferred manner of disposing of many of the compensation cases but we will have to await legislative action before we can say that the statute allows it to be done.

The awards in both cases are affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.