494 P.2d 48

Leonard CUNNINGHAM, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

John E. Schalk et al., Araphoe Drilling Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 582.

Court of Appeals of Arizona, Division 1, Department A.

March 1, 1972.

Rehearing Denied March 28, 1972.

Review Denied May 23, 1972.

**444**

Lindauer & Revis, P. A., by William B. Revis, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, by R. Kent Klein, Phoenix, for Respondent Employer and Carrier.

CASE, Judge.

Claimant sustained a work related injury on 5 January 1964. The Industrial Commission assumed responsibility for claimant's back injury and also for his emotional problems related to the injury. On 7 November 1967, claimant, by his then attorney, filed an application for a lump-sum settlement although his attorney specifically advised against such application. On 11 April 1968 the Commission found Cunningham to have suffered a 20 percent general physical functional disability and to have sustained a 100 percent loss of earning capacity. He was awarded compensation for unscheduled permanent partial disability in the sum of $605.01 per month, until further order of the Commission. The Commission's award of 25 April 1968, while noting that applicant was represented by counsel and stating that a lump-sum payment would be less than the award for total loss of earning capacity, commuted his compensation to a lump sum of $6,500 [the limit under A.R.S. § 23–1067 (1956)] and also rescinded the award of 11 April 1968. The following language appeared in 25 April 1968 findings and award:

### "FINDINGS

\*   \*   \*   \*   \*   \*

"8. That in the event the applicant should in the future become further disabled and require additional medical care and treatment, the only benefits which may be awarded to the applicant, upon reopening of this claim, shall be accident benefits (medical expenses), and a dependent's allowance of $10.00 per month during any period of total temporary disability, as provided by A.R.S., Section 23–1045–2; and that no additional compensation for temporary or permanent disability shall at any time ever become payable under this claim following payment to the applicant of the sum of $6,500.00 which represents the maximum allowable commuted value of the monthly compensation herein awarded to the ap-

plicant for a total loss of earning capacity.

\*    \*    \*    \*    \*    \*

## AWARD

\*    \*    \*    \*    \*    \*

"IT IS ORDERED that the only benefits which may at any time hereafter be payable to the applicant, upon reopening of this claim, shall be accident benefits (medical expenses) and dependent's allowance of $10.00 per month during any period of total temporary disability, as provided by A.R.S. Section 23–1045–2."

It should be noted that claimant signed the application for lump-sum payment and a waiver of right of rehearing and appeal, all while represented by counsel.

On 18 December 1969 Cunningham filed a petition to reopen alleging his need for further medical care and partial disability compensation which was denied for the reason that he failed to submit any medical evidence to substantiate his claim. Claimant requested a hearing which was eventually held on 3 July 1970 in Phoenix and continued on 8 July 1970 in Prescott.

After reviewing the evidence on file, the hearing officer found claimant had sustained his burden of proving a new, additional or previously undiscovered condition related to the 5 January 1964 industrial accident. He further found claimant's condition stationary as of 8 April 1970 and awarded medical, surgical and hospital benefits only from 18 December 1969 through 8 April 1970.

Cunningham petitioned the Industrial Commission to review the portion of the award denying temporary total compensation and terminating benefits as of 8 April 1970. He alleged the lump-sum award was inoperative to deprive claimant of the temporary compensation. The Commission affirmed the hearing officer's award with one member of the Commission noting his reluctant approval due to the effect of the prior lump-sum settlement and the allegedly harsh result now appearing.

A.R.S. § 23–1067 (1956) provided:

"The Commission may allow conversion of the compensation into a lump-sum payment not to exceed sixty-five hundred dollars under such rules, regulations and system of computation as it devises for obtaining the present value of the compensation."

In discussing A.R.S. § 23–1067 (1956) these general principles must be kept in mind. First, once a claim has been determined to be compensable, the Commission cannot approve a payment larger than the amount indicated in the statute, i. e., $6,500 (now $25,000). Goodrich v. Industrial Commission, 13 Ariz.App. 402, 477 P. 2d 276 (1970). Second, when an employee is awarded permanent partial disability compensation for life and the award is converted into a lump-sum payment, later on reopening claimant is deemed to be still receiving the award monthly until he dies and to have been paid in full for the disability existing at the inception of the compensation. Phelps Dodge Corp. Copper Q. Br. v. Industrial Commission, 1 Ariz.App. 70, 399 P.2d 691 (1965). Thus, in the instant case the Commission was foreclosed from granting a lump-sum payment greater than $6,500. Moreover, since the 1968 award was based on a 100 percent loss of earning capacity he is now deemed to still be receiving the monthly permanent partial compensation awarded at that time.

Claimant contends that the granting of the lump-sum award was erroneous since the Commission lacked any evidence indicating that the award was in the best interests of Cunningham. Since petitioner signed a waiver of rehearing and appeal, the court believes the validity of the 1968 award is not properly reviewable under the principles of res judicata. It should be noted nevertheless that sufficient competent evidence existed to justify the awarding of the $6,500 lump-sum payment.

Claimant next argues that he was mentally incompetent on 25 April 1968 and thus lacked capacity to agree to accept the

$6,500 award. Though there is evidence in the file of emotional disturbance, there is no showing that claimant was incompetent during the proceedings which resulted in the lump-sum award. Claimant's attorney alleges that Cunningham's act of accepting the $6,500 while his claim may have been worth much more in monthly payments is not the act of a mentally competent person. Claimant disregards the fact that the 100 percent loss of earning capacity was based on a 20 percent general physical functional disability. His earning capacity could have improved. In fact, the evidence establishes that shortly after the issuance of the lump-sum award he was gainfully employed at substantial wages. This perhaps unwise decision, together with claimant's mental history, is insufficient evidence for this Court to declare claimant mentally incompetent in 1968 when he applied for and was granted the lump-sum award.

■ Cunningham contends that the $6,500 was a *settlement* and thus void under A.R.S. § 23-1025 (1956) which states:

> "An agreement by an employee to waive his rights to compensation, except as provided in this chapter, or an agreement by an employee to pay any portion of the premium paid by his employer, except for accident benefits, shall be void."

It is clear from reading the application and proceedings related thereto that all the concerned parties knew the award was to be made pursuant to A.R.S. § 23-1067. If the lump-sum award is viewed as a waiver of claimant's right to compensation, such waiver was envisioned by the language of A.R.S. § 23-1025 which states "except as provided in this chapter."

■ Claimant contends further that the Commission has no jurisdiction to issue a lump-sum award for an amount less than the present value of the claimant's compensation. Under this theory, he argues the $6,500 award should be set aside since Cunningham at the time of the payment was potentially entitled to a greater sum than $6,500. The Workmen's Compensation Law is statutory. A.R.S. § 23-1067 clearly envisions the reduction of future compensation payments to present value but does not distinguish between the various forms of compensation. As previously stated, the law permits conversion only to the statutory limit. There is no statutory requirement disallowing lump-sum payment of an amount less than the present value of claimant's future compensation.

■ Claimant next urges the Commission's determination that claimant's status was stationary as of 8 April 1970 was unsupported by any competent evidence. The hearing officer's findings indicate that Dr. Charles A. Laughead testified that claimant's conditon was stationary. In reviewing the testimony of Dr. Laughead, we find no basis for such a finding. This was not an issue litigated at the hearing and, consequently, the determination of the Commission was erroneous.

■ Inasmuch as this Court has no power to alter or amend the Commission's award and can only affirm or set aside, A.R.S. § 23-951, subsec. D (as amended 1968); Eagle Indemnity Co. v. Hadley, 70 Ariz. 179, 218 P.2d 488 (1950), we must set aside the award because of the Commission's erroneous determination that claimant's condition was stationary.

Award set aside.

STEVENS, P. J., and DONOFRIO, J., concur.