518 P.2d 1015

**The TRAVELERS INSURANCE COMPANY and the Anaconda Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Bernard Schlenker, Respondent Employee.**

**No. 1 CA–IC 918.**

Court of Appeals of Arizona,
Division 1,
Department A.
Feb. 13, 1974.

Chandler, Tullar, Udall & Richmond by Jack Redhair, Tucson, for petitioners.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondents.

OPINION

OGG, Judge.

This case presents one major issue: Does The Industrial Commission of Arizo-

na have the jurisdiction and/or authority to resolve a dispute arising out of a purported settlement agreement between the Respondent Employee Bernard Schlenker, hereinafter called Employee, and the Petitioner The Travelers Insurance Company, hereinafter called Insurance Carrier, when the Industrial Commission neither participated in nor approved of the purported agreement.

The pertinent facts relative to the issue show the Employee received a back injury in December, 1969 while in the course of his employment and that his case was accepted for benefits. The Employee was granted temporary compensation and medical benefits which he continued to receive until June 7, 1972 when he was granted an unscheduled permanent partial disability award. .

In April, 1972 negotiations and arrangements were entered into between the Employee (who was not represented by counsel) and the Insurance Carrier through an agent claims adjustor. (The attorneys representing the Insurance Carrier in this appeal were not involved in these negotiations.) As a result of these negotiations a "settlement" of $25,000 was tendered by the Insurance Carrier and accepted by the Employee. The claims agent of the Insurance Carrier paid the money directly to the Employee on April 25, 1972 after advising the Employee he was not to inform the Industrial Commission of the settlement. This entire transaction took place without any notification to the Commission. The Commission had not conducted a hearing or entered any award relative to Employee's loss of earning capacity and had never considered any lump-sum commutation.

At the formal hearing before the Commission of June 7, 1972 the Employee acknowledged he received the $25,000 but alleged there was duress and misrepresentation used by the Insurance Carrier. The Commission entered an award for unscheduled permanent partial disability after the hearing but refused the request of the In-

surance Carrier to order the Employee to refund the $25,000 or to allow the Insurance Carrier to claim the payment as an off-set on future monthly payments due the Employee under the award.

The orders of the hearing officer of September, 1972 and the Commission's Decision Upon Review and Supplemental Order of November 2, 1972 show it was the opinion of the Commission that the Insurance Carrier was not entitled to a refund or credit under the terms of the Arizona Workmen's Compensation Act.

■ Although we do not approve of the conduct of the Employee or the agent of the Insurance Carrier in their private negotiations, we believe the order of the Industrial Commission in refusing relief to the Insurance Carrier was correct. We are not saying the Insurance Carrier may not seek such relief in the Superior Court on some theory of law; we simply hold that such a dispute cannot be litigated before the Industrial Commission.

This case is important beyond the disputed money since it challenges the basic concept that the Industrial Commission shall control the proceedings under the Arizona Workmen's Compensation Act.

■ It is well established that once a compensation claim has been accepted as compensable the Commission is without authority or jurisdiction to compromise or approve a compromise settlement unless it is under the lump-sum commutation provisions of A.R.S. § 23–1067. The pertinent parts of A.R.S. § 23–1025 read:

"An agreement by an employee to waive his rights to compensation, except as provided in this chapter . . . shall be void."

See Doby v. Miami Trust Co., 39 Ariz. 228, 5 P.2d 187 (1931); Goodrich v. Industrial Commission, 13 Ariz.App. 402, 477 P.2d 276 (1970).

■ The Insurance Carrier takes the position it was not making an unauthorized private settlement of the Employee's claim but was simply getting the file in shape for

**300**

a lump-sum commutation. Even if we accept this allegation the Insurance Carrier may not usurp and disregard the Commission's delegated authority to commute awards. A.R.S. § 23–1067 grants the Commission the exclusive power in its discretion to commute an award to a lump-sum payment. As we said in Goodrich v. Industrial Commission, supra:

> "Once the Commission has determined that a claim is compensable it must then determine, according to the facts and the law, the amount of compensation to which the applicant is entitled. After the monthly payments have been determined and if it appears to be in the best interest of the petitioner to commute to a lump-sum payment, the Commission may do so."

See also Sorenson v. Six Companies, Inc., 53 Ariz. 83, 85 P.2d 980 (1939).

At the time of the payment by the Insurance Carrier to the Employee there could be no commutation since there had never been a hearing to determine the Employee's loss of earning capacity and there was no monthly payment award to commute to a lump-sum award.

The Commission has a difficult duty to weigh all facts before commuting a monthly award to a lump-sum award for if the lump-sum is squandered by the employee on personal or non-income producing interests, he may thereafter become a public charge, unable to provide for himself or his family.

It appears the Insurance Carrier in this case has attempted to usurp the exclusive statutory power and duty of the Commission in attempting to make an untimely settlement or commutation outside the provisions of the law and without the knowledge or approval of the Commission.

The decision and order of the Commission are affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.