[Civil No. 3062.  Filed March 7, 1932.]

[8 Pac. (2d) 774.]

WILLIAM R. YANCY and MATTIE M. YANCY, Husband and Wife, Appellants, v. J. R. JEFFREYS, Appellee.

564

Mr. William F. Timmons, for Appellants.

Mr. R. C. Bennett, for Appellee.

LOCKWOOD, J.—J. R. Jeffreys, hereinafter called plaintiff, brought suit against William R. Yancy and Mattie M. Yancy, husband and wife, hereinafter called defendants, on a promissory note for $200, executed by the latter in favor of the former. The case was tried before the court sitting with a jury, but, after both parties had presented their evidence, the court instructed the jury to return a verdict in favor of plaintiff for the amount of the note, with interest, attorney's fees, and costs, and from the order overruling the motion for new trial and the judgment entered on the verdict defendants have appealed.

There is but one question before us for consideration, and that is whether upon the evidence as submitted to the court it was justified in directing a verdict. This evidence, taken in the strongest man-

ner in behalf of defendants as we must take it under the circumstances, may be stated as follows:

Plaintiff had purchased certain farm implements from E. F. Sanguinetti under the usual conditional sales contract, paying a certain amount down and giving notes for the balance, the title to the property remaining in Sanguinetti until it was fully paid for. Plaintiff offered to sell his equity therein to defendant Yancy, the latter to assume the payment of the remaining installments due on the implements, and to give plaintiff for his equity the note involved in this action. The balance of the payments to Sanguinetti were about to become due, and Yancy felt that he was unable to meet such payments at that time, so simultaneously with the execution of the note the following written agreement was signed by plaintiff:

"Sept. 18, 1928.

"For one Farmall tractor

"For one tantam disk

"For one 8 ft. tractor mower

"For one tractor fresno

"We are to pay $195.00 Oct. 15, 1928, and $200.00 Oct. 15, 1929 with 8 percent from date.

"In event J. R. Jeffrey doesn't make arrangement of time with E. F. Sanguinetti for extension of time Oct. 15, 1928, the note will be null and void. W. R. Yancy is buying this Farmall tractor subject to the two notes to E. F. Sanguinetti for $195.00 Oct. 15, 1928; one $585.00 Dec. 1929.

"[Signed] J. R. JEFFREYS."

Plaintiff failed to secure an extension of time on the Sanguinetti indebtedness as set forth in the agreement, but Yancy himself made some arrangement whereby the extension was granted and Sanguinetti finally was paid the balance due on the property. The implements were delivered to defendants at or about the time of execution of the note and collateral agreement, and the latter have at all times remained in possession thereof, never offering to return them to

plaintiff, nor did Sanguinetti ever make any effort to repossess himself of them by virtue of his contract with plaintiff.

It is the contention of defendants that, since plaintiff failed to secure the extension of time for which he had stipulated, the note in question, by the terms of the collateral agreement, became utterly void under any and all circumstances, and they were not bound to pay it. It is the contention of plaintiff, on the contrary, that on the pleadings as made and the evidence presented the defendants were bound to pay the note.

It is very generally held that the word "void," when used in a contract, may be construed as meaning "voidable" at the election of the party injured. *Small* v. *Clark,* 97 Me. 304, 54 Atl. 758; *Denny* v. *Mc-Cown,* 34 Or. 47, 54 Pac. 952; *Van Shaack* v. *Robbins,* 36 Iowa 201. This transaction presents a purchase and sale. The general rule of law is that, in case the terms of the sale are breached by the seller, the buyer has several remedies among which he may choose. He may either (a) affirm the sale, notwithstanding the breach, and carry out his part of the agreement; (b) rescind the sale, returning the property and recovering anything already paid on the purchase price; (c) affirm the sale, and, if he has been damaged by the breach of the · contract by the seller, set off the amount of damage on a suit by the seller for the balance of the purchase price; or (d) sue the seller for damages. 55 C. J. 1072. He must, however, elect between these remedies, and is bound by his election. If he retains the property, he cannot refuse to carry out his part of the agreement, although he may recover the damages caused him by the breach on the part of the seller. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; Rev. Code 1928, § 2882.

We are of the opinion that in the present case the word "void" in the collateral agreement gave defend-

ants the right to repudiate the note for breach of the agreement on return of the property, but did not give them the right to repudiate it and at the same time keep the property purchased. Having elected, as the evidence shows, to retain the property, they cannot now be heard to say that they are not bound to plaintiff for the purchase price of his equity therein. If, as has been suggested, they were damaged in any manner by plaintiff's failure to secure the extension, they might have pleaded such damages as a set-off against the note. They did not, however, follow this course, and the trial court on the pleadings and the evidence correctly held that defendants, having by their conduct affirmed the contract of sale, had waived the right to take advantage of the provision of the collateral agreement declaring the note void, and were bound according to the terms of the latter.

The judgment of the superior court of Yuma county is affirmed.

McALISTER, C. J., and ROSS, J., concur.