[Civil No. 3493. Filed July 2, 1934.]

[34 Pac. (2d) 401.]

PANSY J. DOYLE, Petitioner, v. THE OLD DOMINION COMPANY, a Corporation, Defendant Employer, and THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. John J. McCullough, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission.

LOCKWOOD, J.—This is an appeal from an award denying compensation to Pansy J. Doyle, hereinafter called petitioner, for the death of her husband, Patrick J. Doyle. The undisputed facts, as shown by the record, are as follows:

Some time during the winter of 1928 Patrick J. Doyle, who was employed as a miner by the Old Dominion Company, a corporation, hereinafter called the employer, was killed while on his way to work. About a month thereafter his widow, Pansy J. Doyle, petitioner herein, wrote to the Industrial Commission giving the facts in regard to her husband's death and asking as to what course she should pursue to collect compensation. The Commission immediately acknowledged her letter, stating that they were investigating the matter and that from what they had

so far discovered they doubted whether the case was compensable, but could not make a definite determination until all the facts were before them. After further investigation the Commission, on February 25th, wrote to Mrs. Doyle that in their opinion the death of her husband was definitely outside of the terms of the Compensation Act (Rev. Code 1928, § 1391 et seq.). Nothing further was done in the matter for over a year, when a formal application for compensation was filed with the Commission, the petitioner being represented by John J. McCullough as attorney. A few days later McCullough notified the Commission that he was negotiating a settlement directly with the employer, and requested that a setting of the application for hearing be deferred for a time. Apparently a settlement was not then reached, for about three months later McCullough requested that the application be set for hearing. Thereafter further negotiations for a settlement were conducted between McCullough and the attorneys for the employer, the former asking for $4,000, and the latter contending the amount asked for was too great. Finally a copy of a letter written by the attorneys for the employer and suggesting a $2,500 settlement was sent both to McCullough and to the Industrial Commission. On the 11th of September, Burt H. Clingan, a member of the Commission, wrote to McCullough as follows:

"We are in receipt of a letter from Morris and Malott dated September 9th and enclosing copy of their letter to you of September 9th. They apparently are now willing to make some substantial payment to effect a settlement. This may or may not be because we have suggested to them that in our opinion they should. I am, however, frankly doubtful, even in view of the decisions in point which you have called to our attention, that success would be *the end result* of your endeavor to show the accident of Mr. Doyle might be finally adjudged to have arisen out of and in the course of his employment.

"Without question, you are your own best adviser in this matter. However, if it would be possible to secure a settlement without litigation for $2500.00 or maybe a little more, in my opinion same would be to your advantage.

"I would appreciate your advising me your intention so that hearing may be set as soon after the middle of October as is convenient for all parties, in the event agreement is not reached."

Thereafter, and on the 21st day of November, 1930, petitioner signed the following document:

"The undersigned, Pansy J. Doyle, surviving widow and sole heir at law of Patrick J. Doyle, deceased, hereby dismisses that certain claim and demand for compensation heretofore filed with this Commission, which claim is based upon the death of said Patrick J. Doyle, deceased, which occurred at Globe, Arizona, on or about the 18th day of January, 1929.

"The undersigned hereby acknowledges full satisfaction of any and all claims for compensation or otherwise that she may have or claim to have by reason of her dependency and/or as surviving widow of the said Patrick J. Doyle, deceased, and hereby expressly releases the Arizona Industrial Commission from any and all claims for compensation, and directs the Arizona Industrial Commission to dismiss and discharge the claim heretofore filed by the undersigned for compensation.

"Dated this 21st day of November, 1930.
"[Signed]   PANSY J. DOYLE
"[Signed]   JOHN J. McCULLOUGH
"Attorney for Pansy J. Doyle, Claimant."

which was forwarded by the attorneys for the employer to Clingan with the following letter:

"Referring to the claim of Mrs. Patrick J. Doyle for compensation arising out of the death of Patrick J. Doyle, which occurred near Globe on the 18th of January 1929, and for which a claim was filed with the Industrial Commission, we beg to advise that we have settled this case to the satisfaction of all parties

concerned, and have had Mrs. Doyle execute the enclosed dismissal of claim for compensation. We thought possibly you would desire some record showing this case had been disposed of.

"If any order need be entered by the Industrial Commission for the purpose of completely closing the case, will you kindly see that the same is taken care of? The next time we are in Phoenix we will drop in and thank you personally for your attention."

Both letter and dismissal were received by the Commission on December 1, 1930.

So far as the record shows, no formal order was ever made by the Commission approving the settlement or dismissing the matter, and it remained *in status quo* until the fall of 1933, when McCullough made inquiry of the Commission as to whether the amount of the settlement agreed on had been actually paid, and whether there had been a formal order approving the settlement. The Commission, after investigating, furnished to McCullough photostatic copies of a check, which showed that Mrs. Doyle had received the $2,500. Thereafter, and on February 9, 1934, petitioner filed a request for added compensation, on the ground that the settlement had not been approved by the Industrial Commission.

Petitioner points out that we have held in the case of *Doby* v. *Miami Trust Co.*, 39 Ariz. 228, 5 Pac. (2d) 187, that a compromise settlement of a claim under the Workmen's Compensation Act made by an employer with an employee, or his heirs in case of his death, is void unless approved by the Industrial Commission. We reaffirm the rule of law as set forth in the case cited. But is that rule applicable to the state of facts, as shown by the record, in this case? Section 1453, Revised Code of 1928, reads as follows:

"§ 1453. Latitude of commission in procedure. The commission shall not be bound by the rules of evidence, or by any technical or formal rules of procedure, other than as herein provided; but may

make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this article.''

In construing this we have always held that the Commission is not bound by the same rigid formalities which characterize the proceedings of courts, and that it is the substance of their actions and not the form which should be considered. For example, the claim for compensation need not be made in any particular manner so long as it is in writing, and the jurisdictional requirements may be found within the four corners thereof. *Dustin* v. *Industrial Com.,* 43 Ariz. 96, 29 Pac. (2d) 155.

Hearsay evidence, never permitted in ordinary courts, is admissible in compensation cases. *Ocean Acc. & Guarantee Corp.* v. *Industrial Com.,* 34 Ariz. 175, 269 Pac. 77.

While it is true that a compromise between an injured workman, or his heirs, and the employer is not valid unless approved by the Commission, the statute does not require that such approval be made in any particular manner, or that any special form of order be made by the Commission evidencing its approval. We are of the opinion that, just as if within the four corners of an informal application for compensation the jurisdiction requisites appear, such application is sufficient under the law, so if within the record of the case it appears that the Industrial Commission, with full knowledge of the proposed settlement and its terms, has approved the same, such approval need not be signified in any particular manner. It is obvious from the statement of facts herein that the Commission was fully aware that petitioner was represented by competent counsel through all the proceedings; that a compromise settlement was under process of negotiations for several months; and that a suggestion has been made by the employer that the

matter be settled for $2,500. With this knowledge the Commission informed the attorney for petitioner that the settlement for $2,500 seemed to be a fair one. When thereafter the Commission received an order of dismissal of the application for compensation, acknowledging full satisfaction of the claim and signed by petitioner and by her counsel, and placed the same in its files, we are of the opinion that it was, in substance, if not in form, a full and complete approval of the settlement made between the parties, while dealing at arm's length and under the advice of counsel.

For the foregoing reasons we hold that the Commission having approved the compromise settlement made between the widow of the deceased employee and his employer, the same was valid and binding, and that the award of the Commission refusing to reopen the proceedings should be affirmed. It is so ordered.

ROSS, C. J., and McALISTER, J., concur.