[Civil No. 3720. Filed April 20, 1936.]

[56 Pac. (2d) 1038.]

CHARLES H. STURGES, Appellant, v. R. C. BENNETT, Appellee.

Mr. Fred L. Ingraham, for Appellant.

Mr. James B. Rolle, Jr., and Mr. William H. Westover, for Appellee.

ROSS, J.—On or about November 1, 1932, Charles H. Sturges, defendant, gave to R. C. Bennett, plaintiff, his promissory note for $500, bearing interest at 8% per annum, payable on or before one year. The note provided for a reasonable attorney's fee "to be fixed by the judge of the court," if it became necessary to employ an attorney to make collection. The amended complaint alleged there was due and owing on account of principal $470 and interest thereon ($30 having been paid December 1, 1932) and a reasonable attorney's fee, "$150.00 being reasonable . . . " .

The defense set up is that the note was obtained through fraud and was without consideration. Briefly, defendant alleges that he and one Willis B. Allen, at the date of the execution of the note were, and for several years had been, a partnership, engaged in producing cantaloupes and other produce for market, under the name of Sturges & Allen; that in July, 1932, Allen commenced a bankruptcy proceeding in the United States District Court for the District of Arizona to have the firm declared bankrupt; that said partnership was not bankrupt but solvent and possessed of sufficient funds to pay all of its

liabilities; that defendant, to keep his financial standing and credit, opened negotiations with Allen looking towards a compromise and dismissal of said proceedings and, accordingly, on or about December 10, 1932, an agreement was entered into between them by the terms of which defendant agreed to execute said note to Allen's attorney R. C. Bennett (plaintiff) and in consideration whereof Allen agreed he would join defendant in the dismissal of the bankruptcy proceedings within a reasonable time; that defendant performed his part of the agreement but that Allen breached his promise by neglecting for an unreasonable length of time to join in the dismissal, and that the proceedings were finally dismissed at the procurement of defendant; that, by reason of Allen's breach, defendant received no consideration for the note.

In another paragraph the above allegations are made the foundation for a charge of fraud, defendant characterizing the institution of the bankruptcy proceeding by Allen and his attorney Bennett as being for the fraudulent purpose of damaging defendant's financial standing and credit; also, that they fraudulently refused to dismiss until defendant gave them the note and assumed the payment of about $15,000 in debts of the firm and turned over to Allen approximately three hundred dollars' worth of partnership implements and livestock.

It is alleged that plaintiff Bennett is not the owner of the note; that it belongs to Allen and that Allen is indebted to defendant for borrowed money in the sum of $540.

In addition to the special answer, there is a general denial.

By reason of the many amended answers, largely repetitious, the issues are not very clear. They are all copied into the abstract but why we do not know.

Just why counsel will persist in encumbering the record with useless stuff is incomprehensible.

The trial was with a jury and at the conclusion of the evidence the court, on motion of plaintiff, instructed the jury to return a verdict for plaintiff.

Since the judgment must be affirmed, we will not take the time, space or trouble to state, much less discuss, all of the so-called errors defendant has set out in his brief.

■ If it be granted that defendant's answer alleges a good defense of fraud and want of consideration which if proved would defeat recovery on the note, there is a lamentable lack of evidence to support the allegations. The record shows that on November 26, 1932, defendant and Allen joined in making the following motion and in the statement of facts therein:

"Comes now the petitioner, Willis B. Allen, and the respondent, Charles H. Sturges, by their attorneys, and respectfully inform the Court:

"That subsequent to the hearing upon the reference before the Honorable R. W. Smith, Referee in this matter, that the parties have concluded that there remains sufficient assets which can, in due course of business, be liquidated for a sum sufficient to satisfy the claims of all creditors, and that said parties have entered into an agreement for that purpose, and respectfully pray the Court:

"That the above entitled action be dismissed with prejudice, and that each party pay his costs herein incurred.

"Dated at Yuma, Arizona, this 26th day of November, 1932."

This paper was filed in the bankruptcy proceeding December 1, 1932.

On December 10, 1932, the parties entered into a formal agreement compromising and settling the partnership affairs and providing for the dismissal of the bankruptcy proceeding. Under it defendant Sturges

was given practically all of the partnership assets, which they agreed were sufficient "to more than pay the claims of all creditors in full," and Sturges assumed to pay all creditors and hold Allen harmless. Of the assets Allen was allowed to keep as his own, according to their compromise agreement, one hundred dollars' worth of farming implements and livestock. A part of said agreement was this stipulation:

"That each of the parties will cause their respective attorneys to join in a dismissal of the action heretofore pending in the Federal Court, above referred to, and that each of the parties will, when occasion arises for the carrying into effect of this agreement, execute any necessary bills of sale or other instruments."

The oral testimony of Sturges, and of all other witnesses, is that he gave the note sued on in consideration of the agreement to compromise and settle the partnership affairs and to secure the dismissal of the bankruptcy proceeding; that he personally wrote the note in his store building, signed it and later left it with his attorney, Mr. R. N. Campbell, to be delivered to plaintiff when the compromise agreement was executed. In said compromise he was represented by Mr. Campbell.

Plaintiff's testimony was that his fee from Allen for his services in the bankruptcy proceeding had not been paid; that Allen was not able to pay him, and that it was agreed between him and Allen that the note from Sturges should run to him to cover his fee, which he fixed at $500.

It was contended during the trial, and is again argued here, that the bankruptcy proceeding was a "frame-up" between Allen and Bennett and was brought for "holdup" purposes. There is absolutely nothing to support this statement, unless such an inference can be drawn from the fact that the partner-

ship was not bankrupt or at least was not found to be. This alone is no evidence of conspiracy or fraud in bringing the proceeding. Petitioner Allen might well have honestly thought the partnership bankrupt. Assets of which he knew nothing may have subsequently been found or disclosed. However, the motive of Allen in instituting the proceeding is immaterial, we think, under the facts. Defendant knew why the proceeding in bankruptcy was instituted when he compromised and gave his note as part of the consideration therefor, just as well as when the action to collect the note was commenced. There is no suggestion that he did not know all these things and notwithstanding made the compromise agreement.

We see nothing in the assertion that plaintiff and Allen did not cooperate with defendant in securing the dismissal of the bankruptcy proceeding. The motion on file with the court, dated November 26, 1932, authorizing the dismissal refutes any such imputation. Such motion was in exact accord with the obligation assumed in the compromise agreement.

■ The defense of want of consideration, as also that of fraud, is entirely without support in the evidence and we think the court correctly instructed the jury to return a verdict for the plaintiff. The law favors the compromise of controversies between parties and the courts will not disturb them unless it be shown that one of the parties has been defrauded, misled or deceived to his injury. This rule has been recognized by this court, and we think generally. In *Phillips* v. *Musgrave,* 23 Ariz. 591, 206 Pac. 164, we quoted with approval from *Smith* v. *Farra,* 21 Or. 395, 28 Pac. 241, 20 L. R. A. 115, the following language:

"The settlement of a controversy is valid and binding, not because it is the settlement of a valid claim,

but because it is the settlement of a controversy, and when such settlement is characterized by good faith the court will not look into the question of law or fact in dispute between the parties, and determine which is right. All that it needs to know is that there was a controversy between the parties, each claiming in good faith rights in himself against the other and that such controversy has been settled.''

There is no evidence of any bad faith on the part of plaintiff in any of the things he did. In the case of *Curry* v. *Windsor*, 22 Ariz. 108, 194 Pac. 958, this court said, speaking through Mr. Justice BAKER:

''When two or more members of which a firm is composed settle their partnership affairs and dissolve the partnership, if one of the partners is defrauded in the settlement, the law furnishes him with the choice between two remedies: he may rescind the settlement, or bring an action on the case for deceit. If he elects to rescind, he must do so promptly upon discovery of the fraud and restore whatever he has received under the settlement.''

The defendant has pursued neither of the remedies suggested in this decision. Defendant, so far as the record shows, has retained the assets of the partnership, described in the compromise agreement as more than sufficient to pay all the firm's liabilities. In other words, he has not rescinded his compromise agreement nor does he allege an action against plaintiff for damages for deceit. True, he alleges the liabilities of the partnership were $18,000 but he fails to state in his answer the value of the assets he received, and does not show such value. So far as the record goes he may have received more than enough assets to pay the firm's debts.

The court, after taking evidence, fixed the attorney's fee at one hundred dollars. Defendant insists that there is no allegation in the complaint that an action had been brought on the note or of the

reasonable value of the services rendered. The complaint is not a model in the respects mentioned but we think it is sufficient to authorize proof of the value of the attorney's fee and entry of judgment thereon.

The evidence was uncontradicted that the plaintiff was the owner of the note and that Allen had no interest whatever in it. The counterclaim set up by the defendant against Allen, even if proved, could not be an offset against a debt owed by defendant to Bennett, the plaintiff.

Although we do not discuss all of the assignments of error we have carefully examined them and discover no prejudicial error therein.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.