539 P.2d 970

James B. VIGIL, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Max Plambeck Masonry Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC I197.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 18, 1975.

Rehearing Denied Dec. 4, 1975.
Review Granted Jan. 6, 1976.

Nancy K. Skomp,[1] Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by J. Victor Stoffa, Phoenix, for respondents employer and carrier.

## OPINION

NELSON, Presiding Judge.

 This case involves the validity of a settlement entered into by an injured workman and the insurance carrier for his employer prior to a determination of compensability by The Industrial Commission of Arizona (Commission) when the issue of compensability was seriously disputed by the parties. The authority of the Commission to approve such settlements was confirmed by this Court in *Gray v. Industrial Commission of Arizona*, Ariz.App., 539 P. 2d 973 (1975), and the rationale in that case is controlling here. The award is affirmed.

James B. Vigil (Vigil) was allegedly injured on December 1, 1972 while working for Max Plambeck Masonry Company when his back "popped". There were serious questions concerning both the facts surrounding the occurrence of the injury itself and the medical testimony relating to Vigil's symptoms to any alleged industrial injury.

Vigil filed a claim for benefits which was denied by the State Compensation Fund (Fund), which was the insurance carrier in this case. A hearing was requested by Vigil and held on May 17, 1973. At the hearing, Vigil, through his counsel, sought to withdraw his petition for a hearing. After being advised that the Notice of Claim Status would then become final, in effect closing the claim as non-compensable insofar as the Commission was concerned, and after placing into the file of the Commission two medical reports, Vigil's request was honored and a Decision Upon Hearing and Findings and Award Dismissing Request for Hearing was entered, dated May 18, 1973.

On August 30, 1973, Vigil filed a petition to reopen. The Fund issued a Notice of Claim Status denying a reopening, alleging a lack of jurisdiction in the Commission since the initial denial of the claim as non-compensable had become final. Vigil requested a hearing. The request was not honored and a Decision Upon Hearing and Findings and Award and Order of Dismissal was entered on February 25, 1974. Upon review, the Commission entered a decision upon review Affirming and Supplementing Decision Upon Hearing and Findings and Award and Order of Dismissal on June 28, 1974. This appeal followed.

In this final award, the hearing officer, without benefit of our decision in Gray, supra, perceptively outlined the dilemma of the Commission in cases such as these:

"2. That further considering the subject matter and MEMORANDUM of applicant annexed to Request for Review, and accepting as true the factual allegations set forth therein, it is clear the 'underlying reason' for the initial withdrawal of Request for Hearing (previously considered in initial decision herein) is predicated upon a compromise

1. The present attorney for the petitioner is the third attorney of record for the petitioner before the Commission and before this Court. The present attorney did not participate in any of the proceedings before the Commission.

and/or settlement agreement (hereinafter called 'settlement'); that the additional issue then presented in this Review concerns the validity of a settlement agreement entered into between the parties when a determination has not as yet been made by the Industrial Commission as to the compensability of a claim.

"3. That preliminary to considering the foregoing problem, it is to be noted that the Industrial Commission (or its Hearing Officers) have 'no axe to grind' in any way as to the validity or non-validity of such 'settlements'; that it is however, of vital concern to this Commission to have a determination as to the validity of such 'settlements' since they have for the past three or four years been entered into (with or without the knowledge of the Industrial Commission) and are continuing to be consummated in increasing numbers; that it is likewise of importance to consider the 'posture' which the Industrial Commission (or its Hearing Officers) are placed when such 'withdrawals' are submitted, i. e., when hearing request has been withdrawn following a claim denial by the insurance carrier and/or the claim itself is withdrawn prior to a determination of compensability by the Industrial Commission; that the Industrial Commission is uncertain as to its absolute obligation to determine the compensability and/or non-compensability of the claim either informally (or following formal hearing) thereby completely disregarding and/or overriding the withdrawal of an applicant and the (probable) ousting of Commission jurisdiction to proceed further, and at the same time compelling the parties and their counsel to proceed to a formal hearing and present evidence upon compensability issue which (by agreement) neither party wishes to do; that worse still, can the Industrial Commission (or its Hearing Officers) be obligated, or can they be ethically required, to evaluate the competency of the respective counsel of the parties and accept 'withdrawals' on some occasions and not on others if it appears one or the other counsel is not quite as familiar as he should be with workmen's compensation matters; that it is clear the subject issue must be resolved by the Courts at the earliest opportunity to clarify the status of such 'settlements' not only for the guidance of the Industrial Commission, but for the interested parties to such agreements."

The hearing officer then discussed the one problem of such settlements not fully resolved by our decision in *Gray,* supra. Are the settlements entered into in cases as this one "void" unless approved by the Commission? While a casual reading of the two cases most regularly cited for this proposition, *Doby v. Miami Trust Company,* 39 Ariz. 228, 5 P.2d 187 (1931), and *Doyle v. Old Dominion Company,* 44 Ariz. 123, 34 P.2d 401 (1934), might lead to this conclusion, the Court really did not reach the specific question in factual situations such as here. In any event, although the Court used the word "void" in both cases, the Court found a way in both decisions to confirm and enforce the agreement entered into. See: *Gray v. Industrial Commission of Arizona,* supra.

■ Our view is that the Court really meant, as the effect of their decisions shows, "voidable" and not completely "void". See: *Collier v. General Exchange Insurance Corporation,* 58 Ariz. 122, 118 P.2d 74 (1941); *Yancy v. Jeffreys,* 39 Ariz. 563, 8 P.2d 774 (1932); *Kinney v. Lundy,* 11 Ariz. 75, 89 P. 496 (1907). In this context, as we held in *Gray,* supra, it is the Commission that has the authority to nullify the settlements in question when they fail to meet the criterion set out in *Gray* regarding the genuineness and bona fides of the parties regarding the issue of compensability (not the extent of the alleged injury, as was presented here in the petition to reopen).

While the Commission treated the matter as one of jurisdiction, it is clear that the hearing officer was of the opinion that the criteria we subsequently set out in *Gray,* supra, had been met. There is no

serious question raised as to the good faith of the Fund, Vigil, or counsel in arriving at the settlement in the first instance. Our review of the file, and particularly of the medical reports inserted in the file by counsel prior to the original dismissal of the request for hearing in May of 1973, makes it clear that there was indeed a genuine dispute as to the compensability of the claim. In fact, as was said by the Utah court in its decision in *Brigham Young University v. Industrial Commission of Utah*, 74 Utah 349, 279 P. 889 (1929), heavily relied upon in *Gray*, supra:

> "Indeed, on the record it may well be said that the right to recover is quite doubtful." *279 P. at 893.*

The settlement having been properly entered into and not voided by the Commission, the Notice of Claim Status officially denying the claim became final, leaving no claim to be reopened.

The award is affirmed.

STEVENS and WREN, JJ., concur.