539 P.2d 973

**Thomas F. GRAY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Fluor-Utah Construction Co., Inc., Respondent Employer,**

**Hartford Accident and Indemnity Co., Respondent Carrier.**

**No. 1 CA–IC 1189.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 11, 1975.

Rehearing Denied Oct. 17, 1975.

Review Granted Nov. 18, 1975.

Alston & Edwards by Cecil A. Edwards, Jr., Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, Industrial Comm. of Ariz., Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by Donald L. Cross, Phoenix, for respondent employer and respondent carrier.

OPINION

NELSON, Presiding Judge.

There is but one issue which the Court must decide in this case: does the Industrial Commission of Arizona (Commission) have jurisdiction to approve or disapprove compromise and settlement of

workmen's compensation claims prior to the determination that the claim is compensable in cases where there is a legitimate controversy regarding the issue of compensability? We hold that the Commission does have such authority and therefore must set aside the award in this case.

The petitioner herein, Thomas F. Gray (Gray), filed a claim for benefits alleging that on August 14, 1972, while working for the respondent employer, Fluor-Utah Construction Company [Fluor-Utah), he suffered an injury arising out of and in the course of his employment, namely, a heart attack. The Commission duly notified Hartford Accident and Indemnity Company, respondent carrier (Carrier), of the claim. On October 18, 1972, the Carrier denied the claim.

On April 6, 1973, Gray, Fluor-Utah and the Carrier filed with the Commission a document denominated "Stipulation and Petition for Approval of Settlement". The stipulation advised the Commission that there was a legitimate dispute as to whether petitioner had a compensable claim under the Workmen's Compensation Statutes of Arizona and sought approval of a $7,500.00 settlement. On May 9, 1973, the Commission held, by an award entitled "Findings and Award and Order Denying Stipulation for Approval of Settlement (No Jurisdiction)", that they had no jurisdiction to approve or disapprove such a compromise and settlement. Gray sought relief, by way of special action both in this Court, *Gray v. The Industrial Commission of Arizona*, 1 CA–CIV 2432, July 3, 1973, and in the Supreme Court of Arizona, *Gray v. The Industrial Commission of Arizona*, No. 11285, September 18, 1973. Both courts declined to take jurisdiction of the cause at that time.

The Commission thereafter set down the matter for hearing on the issue of compensability and on March 28, 1974, entered a "Decision Upon Hearing and Findings and Award for Non Compensable Claim". Review of that decision was sought and on June 14, 1974, the Commission entered its "Decision Upon Review Affirming Decision Upon Hearing and Findings and Award for Non-Compensable Claim." Although both Gray and the Carrier sought additional rulings upon the proposed settlement, except for its ruling on May 9, 1973, supra, the Commission made no additional findings regarding the proposal. This appeal followed the Commission's decision of June 14, 1974.

## JURISDICTION

The award of May 9, 1973, supra, did not carry the standard clause, contained in virtually all awards of the Commission, advising the parties of the right to seek relief in this Court if dissatisfied with the result. In addition, the Order specifically directed that the matter be set for a hearing on compensability within ninety (90) days. There was therefore no plain, speedy or adequate remedy by appeal. Gray sought relief by way of special action, supra, but was unsuccessful in his efforts to have the appellate courts take jurisdiction at that time. Both Gray and the Carrier thereafter continued their efforts, to no avail, to have the Commission rule further on their proposed settlement. We deem the issue to have been fully urged below and ruled upon, and incorporated into the final award of the Commission now here for review. Since our decision on this issue requires that the award be set aside, we do not reach the issue of compensability which the Commission determined adversely to Gray.

## COMPROMISE AND SETTLEMENT WHERE COMPENSABILITY IS IN ISSUE

The precise question here for determination has not been finally resolved by previous decisions of this Court or the Supreme Court of Arizona. Three decisions, however, clearly point the way to the holding we have arrived at.

The most recent decision touching on this subject was authored by the then Judge Cameron (now Chief Justice of the

Arizona Supreme Court) in *Goodrich v. The Industrial Commission of Arizona,* 13 Ariz.App. 402, 477 P.2d 276 (1970). This decision involved the resolution of two consolidated cases wherein there was no question of a compensable injury but only the issue of the conversion of admittedly entitled compensation to a lump sum payment. Both cases arose out of a situation where the injured workman and the insurance carrier of the employer had agreed to lump sum settlements in excess of those permitted by statute. A.R.S. § 23–1067. The Court held that the specific statute regarding the conversion to a lump sum payment after compensability governed over. the general statute, A.R.S. § 23–107A(3) authorizing the Commission to: "3. Promote the voluntary arbitration, mediation and conciliation of disputes between employers and employees.", and no sum in excess of the statutory maximum could be paid.

 In arriving at this holding, Judge Cameron reviewed the older decisions touching on the issues of this case and made these guiding observations:

"It would appear from these cases that the Commission does have the authority to approve a compromise settlement of a claim where the claim has not been accepted as compensable under the Arizona Workmen's Compensation Act. According to Doyle and Doby, supra, such a settlement is void unless acted upon and approved by the Commission. Once a claim has been accepted as compensable, however, as in the instant cases, then we believe the Commission is without jurisdiction to compromise or to approve a compromise settlement.

\*　　\*　　\*　　\*　　\*　　\*

"We feel that the Commission then may approve a compromise or lump sum settlement prior to the time that the Commission has taken any action accepting the claim. Once the Commission has determined that the claim is compensable it must then determine, according to the facts and the law, the amount of compensation to which the applicant is entitled." 13 Ariz.App. at 404, 477 P.2d at 278.

Judge Cameron's language is clear and unequivocal. Had the facts of the claims in *Goodrich* required that language for purposes of the specific holding, we would need go no further. Unfortunately, at least for this case, they did not so require and the statements must be considered as only highly persuasive dicta.

Likewise the older Supreme Court cases referred to by Judge Cameron, supra, are more persuasive than controlling. In *Doyle v. Old Dominion Company,* 44 Ariz. 123, 34 P.2d 401 (1934), the holding actually went to the issue of whether or not certain conduct of the Commission resulted in its approval of a settlement, rather than any authority of the Commission to approve the settlement. Although the case appears in the first instance to have been one where compensability was an issue between the parties, the Court does not allude to this fact at all in its holding.

The decision in *Doby v. Miami Trust Company,* 39 Ariz. 228, 5 P.2d 187 (1931), actually involved a resolution of a claim where the Commission had originally made a finding of non-compensability, then granted a rehearing, took testimony, made no finding on the rehearing testimony, but participated in a settlement whereby the Commission itself actually paid a lump sum award. All of the language regarding any compromise between employer and employee, or carrier, as here, is purely dictum. The Commission was at that time both the adjudicator of claims and the administrator of the state fund (see Laws of Arizona 1968, 4th Spec.Sess., Chap. 6, § 29; A.R.S. § 23–981 et seq., where the insurance company function was removed from the Industrial Commission). It is clear that this dual role of the Commission played an important part in the holding that the Commission had no jurisdiction to itself compromise the claim:

"It is but natural, and indeed, so far as intention is concerned, commendable,

particularly in view of the fact that doubtless some false and many exaggerated claims are presented to the commission for allowance that it should, perhaps unconsciously, assume the attitude that it is the guardian of the state insurance fund against the claimant, and in such guardianship has the same authority as the officers of a private corporation defendant. Were some independent tribunal the one which had the power to make awards binding upon the fund, this might perhaps be permitted by law, but to allow a tribunal whose duty it is to make an impartial decision, based on the law and evidence, to bargain for a compromise of that very decision, is repugnant to every sense of justice." 39 Ariz. at 237, 5 P.2d at 191.

The chronology of the facts and the holding are equally clear:

"The original award of the commission was a denial of compensation on the ground that the accident was not one of compensable nature. Thereafter in strict accordance with the statute a rehearing was held, at which evidence was taken. No formal award was ever made as a result of such rehearing, but the commission did pay to petitioner some $1,600 as the result of an alleged settlement. This settlement was not made between the employer and the employee with the approval of the commission, but directly between it and the employee while an application for an award was pending. As we have indicated, a compromise settlement of this nature was beyond the jurisdiction of the commission, nor could it pay any sum as the result of a claim for compensation without first having determined that the accident was compensable in its nature. We must therefore either consider the payment as an informal determination that the accident was of a compensable nature or as a wholly voluntary payment by the commission from the compensation fund

with no authority therefor." 39 Ariz. at 239, 5 P.2d at 191.

Although there is much language concerning the word "void" in relationship to the settlement, the Court held that the Commission was estopped from contending that the payment was not an award. It further held that the claim was compensable and that the Industrial Commission therefore should have granted a hearing on an application to increase or rearrange the compensation originally thus granted.

The Commission in its brief to this Court correctly points out two matters. First, the key issue is compensability; and second, this is a public policy and philosophical decision. We believe the best expression of both issues was made by the Utah court in *Brigham Young University v. Industrial Commission of Utah*, 74 Utah 349, 279 P. 889 (1929). In construing a statute prohibiting an agreement by an employee to waive his rights to compensation almost identical to A.R.S. § 23–1025, the Court made these statements:

"The provisions of our Workmen's Compensation Act make it an exclusive remedy for an employé or his dependents to recover compensation from an employer for an injury sustained by the employé in the course of his employment. Whatever claim the dependents here had for compensation of necessity must be based upon the act. Such claim, by making a settlement of it, was in no sense abandoned, renounced, surrendered or relinquished. To the contrary, the settlement was directly based upon a claim created by the act. It is a contradiction of terms to say that, when a present and existing claim is settled, the claim itself is abandoned, surrendered or relinquished—is waived. By making such a settlement, it in no sense may be said that the 'rights to compensation under the' act were surrendered or waived. To the contrary, such rights were thereby asserted, affirmed, and recognized, not waived.

"Cases are bound to arise where questions respecting accidental injury arising out of or in the course of employment, the extent of such injury, in the case of death of the employé, whether death was caused or induced by the injury, or whether it was attributable to other causes, may well be close, and concerning which reasonable minds may well differ, and where the right to the applicant to recover is doubtful. The parties regarded this such a case. . . . We have examined the record, not for the purpose of determining whether the award should be affirmed or annulled, but to ascertain whether the claim of the parties is well founded, and whether on the record the right of recovery is uncertain, and for the purpose of ascertaining the bona fides of the parties and whether there were good grounds justifying a settlement. We find such to be the case. Indeed, on the record it may well be said that the right to recover is quite doubtful. The making of a settlement under such circumstances is not detrimental to the interests of the state or of the public. It rather subserves such interest. The right of parties sui juris to settle their own controversy and avoid litigation is a valuable and resolute right, and *may be exercised by them under all circumstances, unless the state, under a proper exercise of police power has circumscribed, restricted, or prohibited it.* Holding as we do that no such inhibition or restriction either expressly or by necessary implication is manifested by the act, we think the parties had the undoubted right to make the settlement which was made by them." 279 P. at 893. (Emphasis added)

Although urged by the Commission to do otherwise, we, like the Utah court, supra, find no prohibition in our statutes of settlement when compensability is in dispute. Chief Justice Cameron's language in *Goodrich,* supra, is a clear and reasonable result of the statutory mandate found in A.R.S. § 23–107A(3), supra, and is now adopted as the law in this jurisdiction. This position is consistent with the law generally regarding the desirability of amicable settlements of disputes whenever possible and permissible. See generally: *Dansby v. Buck,* 92 Ariz. 1, 373 P.2d 1 (1962); *Sturges v. Bennett,* 47 Ariz. 470, 56 P.2d 1038 (1936); *Little v. Brown,* 40 Ariz. 206, 11 P.2d 610 (1932). (We take judicial notice of our own files wherein Industrial Commission cases are regularly dismissed upon stipulation because the matters in dispute giving rise to the appeal have been settled.)

The scope and criterion of the Commission review of such proposed settlements is succinctly set forth in *Brigham Young University v. Industrial Commission of Utah,* supra, and need not be here repeated. The sole issue is the genuineness and bona fides of the parties regarding the issue of compensability. If reasonable men would differ as to whether the claim is compensable or not, the stipulation and settlement should be approved.

We too, as did the Utah court, supra, have reviewed the record below regarding this limited issue. Having satisfied ourselves that reasonable minds might differ as to the compensability of this "heart case", we would, if we had the statutory authority, unhesitatingly remand the case with directions to the Commission to approve the stipulation as agreed to. Since we do not have that authority, we do what we can.

The award is set aside.

STEVENS and WREN, JJ., concur.