559 P.2d 674

**ST. LUKE'S HOSPITAL, Petitioner Employer,**

**CNA/INSURANCE, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Shirley E. Ritchey, Respondent Employee.**

**No. 1 CA–IC 1507.**

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 18, 1976.
Rehearing Denied Jan. 11, 1977.

Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for petitioners employer and carrier.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Patten, Montague & Arnett by Wayne C. Arnett, Tempe, for respondent employee.

## OPINION

JACOBSON, Judge.

On review of this workmen's compensation award, two distinct issues are raised: (1) Whether the hearing officer's determination that the settlement agreement submitted to the Industrial Commission was "void", was contrary to law and (2) whether the hearing officer erred in determining that the carrier was estopped to raise the issue of an untimely Request for Hearing on a Notice of Claim Status which denied the claim.

On November 13, 1970, respondent Shirley E. Ritchey filed a claim with the Industrial Commission alleging that she had suffered a lower back injury on October 13, 1970, while in the employ of petitioner employer, St. Luke's Hospital.

On November 25, 1970 the carrier, CNA/Insurance, issued its Notice of Claim Status denying the claim for benefits. Subsequently, the carrier and claimant Ritchey entered into negotiations regarding the claim. On February 4, 1971, both the claimant and her husband entered into a settlement agreement with the carrier.

This settlement agreement was submitted to the Industrial Commission for approval; however, the agreement was returned to the carrier with the explanation that the Commission lacked jurisdiction with regard to the claim because the claimant had not filed a protest to the denial issued on November 25, 1970. Shortly thereafter, the carrier paid to the claimant and her husband the sums set forth in the agreement.

On September 16, 1971 the claimant had a laminectomy performed on her back, and filed a Petition to Reopen. The carrier denied this Petition to Reopen on September 25, 1971 and thereafter no Request for Hearing was made regarding this denial.

On April 11, 1975 the claimant filed a Petition to Reopen and had a hemilaminectomy performed on her back on April 22, 1975. The carrier issued a denial of this Petition to Reopen on June 27, 1975. A Request for Hearing directed to this denial was filed on July 2, 1975.

Because the carrier contended that its Notice of Claim Status denial of the original claim filed in 1970 became *res judicata* for lack of a Request for Hearing, and thus there was nothing to "reopen", the hearing was directed solely to the issue of the Commission's jurisdiction in the matter.

On December 31, 1975, the hearing officer rendered his decision, which held that the Commission had jurisdiction over the matter. In doing so, he held that the settlement agreement entered into in 1970 was void by reason of A.R.S. § 23–1025. He further treated the Petition to Reopen as a Request for Hearing on the original denial of claimant's 1970 claim. He then held that the carrier was estopped to raise the issue of the untimeliness of the Request for Hearing.

The carrier timely petitioned for review, coupled with a request that the settlement agreement be approved by the Commission. The hearing officer then issued a supplemental decision which, in essence, approved the prior decision but held the settlement was void "as not having been approved by the Industrial Commission and the agreement cannot block further consideration by the Commission of the applicant's claim for benefits." This Special Action—Industrial Commission followed.

■ It is first apparent that the hearing officer has misconstrued the law concerning the effect of A.R.S. § 23–1025 [1] on settlement agreements and the effect of the failure of the Commission to approve such agreements.

This court construed A.R.S. § 23–1025 and settlement agreements in *Gray v. Industrial Commission*, 24 Ariz.App. 499, 539 P.2d 973 (1975) and *Vigil v. Industrial Commission*, 24 Ariz.App. 496, 539 P.2d 970 (1975) and held that where compensability is in issue, settlement agreements, submitted to the Commission for consideration are "voidable" because of non-approval and not "void". The mode of analysis presented by reading *Gray* and *Vigil* in tandem when applied to the instant facts, is dispositive of the settlement agreement issue presented by the hearing officer's decision.

In considering the jurisdiction of the Industrial Commission to approve or disapprove settlement of a workmen's compensation claim when there is a legitimate controversy regarding compensability, the *Gray* court relied on the scope and criteria set forth in *Brigham Young University v. Industrial Commission*, 74 Utah 349, 279 P. 889 (1929), which delineated the issue of genuineness and bona fides of the parties regarding the issue of compensability.

In construing a statute prohibiting an agreement by an employee to waive his rights to compensation almost identical to A.R.S. § 23–1025 the *Brigham Young* court stated as follows:

"We have examined the record, not for the purpose of determining whether the award should be affirmed or annulled, but to ascertain whether the claim of the parties is well founded, and whether on the record the right of recovery is uncertain, and for the purpose of ascertaining the bona fides of the parties, and whether there were good grounds justifying a set-

tlement. We find such to be the case. Indeed, on the record it may well be said that the right to recover is quite doubtful. The making of a settlement under such circumstances is not detrimental to the interests of the state or of the public. It rather subserves such interest. The right of parties *sui juris* to settle their own controversy and avoid litigation is a valuable and absolute right and may be exercised by them under all circumstances, unless the state, under a proper exercise of police power, has circumscribed, restricted, or prohibited it. Holding as we do that no such inhibition or restriction either expressly or by necessary implication is manifested by the act, we think the parties had the undoubted right to make the settlement which was made by them." 279 P. at 893.

Moreover, the *Gray* court, *supra*, 539 P.2d at 977, found no prohibition of settlement in our statutes when compensability is in dispute.

■ We are faced here with the first difficulty presented by the hearing officer's decision. At the time the hearing was held in this matter, it was not directed to a determination of whether the Commission should approve or disapprove the settlement agreement, rather it was directed to the jurisdiction of the Commission to hear the matter at all. As a consequence, the evidentiary foundation dealing with whether the compensability of claimant's claim was legitimately in dispute was simply not gone into by the parties. The evidence surrounding the settlement agreement was whether its existence had an effect on the claimant's failure to request a hearing on the carrier's denial of the initial claim.

Only after the hearing officer by his decision had held the settlement void was the approval of the settlement placed in issue

---

1. "§ 23–1025. Agreement by employee to waive compensation or to pay premium void; unlawful collection of premium

"An agreement by an employee to waive his rights to compensation, except as provided in this chapter, or an agreement by an employee to pay any portion of the premium paid by his employer shall be void. It shall be unlawful for an employer to collect or receive any premiums from an employee for workmen's compensation insurance, except as provided in this chapter. As amended Laws 1974, Ch. 184, § 15, eff. May 17, 1974."

by the carrier's Petition for Review. No further hearings were held and the hearing officer summarily held the settlement void. There is simply no evidentiary basis for this holding by the hearing officer.

For this reason alone, the award must be set aside to allow evidence to be presented as to the disputed compensability of claimant's original claim. If the hearing officer determines that there exists a reasonable dispute as to compensability which would subject the agreement to the Commission's approval, then the hearing officer must make the further determination in accordance with *Gray* as to the "bona fides of the parties" reflecting a sense of fairness in negotiating and executing the settlement agreement.

If the hearing officer resolves all of these issues in favor of the settlement agreement, then that is the end of the matter and claimant's Petition to Reopen should be denied. However, if the determination is that the settlement agreement is invalid, then the hearing officer must direct his attention to whether the claimant should be relieved from her failure to timely file a Request for Hearing as to the November 25, 1970 Notice of Claim Status denying her claim. *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972).

In this regard, we note that the record before the Commission is absolutely devoid of any evidence or inferences from the evidence which would support the hearing officer's conclusion that the carrier in this matter was guilty of conduct which would give rise to an estoppel. In fact, the evidence is clear that the reasons for the claimant's failure to pursue her remedies before the Commission were not because of action by the carrier, but because of her own medical doctors.

[testimony of claimant's husband]

"Q. Why did you accept the money from CNA when you executed this agreement?

"A. You are speaking of this Exhibit?

"Q. The February 4, 1971 agreement and release which has been stipulated into the file.

"A. Why did I accept this money?

"Q. Yes, sir.

"A. Because the doctors advised us that nothing further medically could be done. It was our belief that everything that could be done medically had been done for my wife and we were faced with the expenses. We had to meet them. This was offered as a settlement for those medical expenses and we accepted it.

"Q. Did you have private insurance at the time?

"A. As I recall, I did not.

"Q. So, in other words you just wanted to get the bills paid?

"A. Well, it was necessary to pay the bills at that time and it was my understanding from what the doctors told me that everything had been done that possibly could be done.

    \*    \*    \*    \*    \*    \*

[cross examination of claimant Ritchey]

"BY MR. MOORE: Q. You say in your direct testimony that you had been led to believe that everything that could be done had been done, but you didn't say whether you were talking about from the industrial benefits and point [sic] or whether you were talking about from a medical standpoint. What are you talking about? It is medically?

"A. I believed that at the time everything that medically could be done for my back had been done and that there was nothing further to do for it."

If the hearing officer reaches the issue of untimeliness in this matter, the court calls his or her attention to *Kleinsmith v. Industrial Commission*, 26 Ariz.App. 77, 546 P.2d 346, *affirmed*, 113 Ariz. 189, 549 P.2d 161 (1976).

Finding no evidentiary support whatsoever for the decision in this matter, it is set aside.

FROEB, P. J. and HAIRE, Chief Judge, Division 1, concurring.

## MOTION FOR REHEARING

The motion for rehearing of the respondent, The Industrial Commission of Arizona, filed by its Chief Counsel, John H. Budd, Jr., and the objections to rehearing filed by petitioners were considered by the Court, consisting of Presiding Judge Eino M. Jacobson and Judges Levi Ray Haire and Donald F. Froeb. The Court notes that no motion for rehearing was filed by the respondent employee, Shirley E. Ritchey.

Because a motion for rehearing was not filed by the respondent employee, who was the real party in interest in this matter, and the Industrial Commission's motion for rehearing being the first occasion that it has appeared in this matter in an advocacy position, the Court desires to make some general observations concerning the propriety of the Industrial Commission's standing in this litigation.

The Court notes with approval the various legislative enactments, starting with the separation of the State Compensation Fund from the Industrial Commission and culminating in the creation of hearing officers to determine contested issues involving Workmen's Compensation laws in this state and the withdrawal of the members of the Commission from this decisional process, that litigated matters before this administrative agency have acquired that status of impartiality to litigants appearing before it associated with Superior Court Judges in judicial proceedings. The Court applauds the judicious and impartial manner in which contested proceedings are generally conducted by hearing officers as the adjudicatory branch of the Industrial Commission.

■ Moreover, the Court is aware that on occasion, because of legal positions assumed by the parties appearing before the Commission, the Industrial Commission has a legitimate interest in appearing as an advocate in this court to defend the integrity of the Special Fund, to defend the Commission's procedures and to assist the Court in reaching a correct result where matters involving the general interest of the Commission in carrying out its statutory authority or policies are concerned. The Court is further aware that drawing the line between its impartial adjudicatory function on the one hand and its legitimate interest as an advocate before this Court on the other, is a delicate one.

■ However, the Court cannot help but note that in this matter, it is unable to ascertain any direct interest of the Commission in the resolution of the disputes between the petitioning employer, its insurance carrier and the respondent employee, that more properly could not have been brought to the attention of the Court by the respondent employee, who was ably represented by counsel throughout the proceedings before this Court. In fact, the failure of the respondent employee to timely seek rehearing of our decision in this matter, may be taken as tacit approval by the respondent employee of the factual and legal resolution of the issues presented by the Petition for Special Action—Industrial Commission.

While the Commission's motion for rehearing has assumed an advocacy position on behalf of one of the litigants which appeared before it, and by reason of our opinion will appear before it again, the Commission in an improper response to the respondent's Objection to Motion for Rehearing, attempts to justify this posture by reason of its concern over the validity of settlement agreements coming before it. In our opinion, the Commission's Motion for Rehearing does not indicate such a justifiable intervention in this matter. Such a stance by the Commission in this matter can only result in impugning the judicial posture of its hearing officers.

It is ordered that the motion for rehearing is denied.