608 P.2d 782

**CAMELBACK CONTRACTORS, INC., and Industrial Indemnity Company, Petitioner Employer and Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Jack Cupp, Respondent Employee.**

**No. 1 CA–IC 2103.**

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 24, 1980.

Rehearing Denied Feb. 29, 1980.

Review Denied April 1, 1980.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by David W. Earl, Donald L. Cross and Larry L. Smith, Phoenix, for petitioner employer and carrier.

James L. Stevenson, Chief Counsel, Phoenix, for Industrial Commission of Arizona.

Law Offices of Chris T. Johnson, P. C. by Dennis R. Kurth, Phoenix, for respondent employee.

## OPINION

JACOBSON, Judge.

The question in this Special Action—Industrial Commission is whether surveillance films are discoverable under Industrial Commission rules.

Respondent employee, Jack Cupp, was injured on April 6, 1971 in the course of his employment with petitioner employer Camelback Contractors, Inc. His workmen's compensation claim was accepted. An administratively determined loss of earning capacity award was issued by the Industrial Commission on February 14, 1978. That award was protested by both the employee and the carrier. Formal hearings were held before the Industrial Commission on June 8 and June 13, 1978.

During the course of the hearings the carrier sought to introduce into evidence

surveillance films and testimony of investigative personnel regarding the employee's post-injury physical activities. The employee objected to the admission of such evidence on the basis that the carrier had failed to disclose, in response to specific interrogatories, the existence of such witnesses or films. The hearing officer ruled that the evidence would be excluded. The hearing officer's award was entered on July 10, 1978 and affirmed on review on September 18, 1978. The employer and carrier then filed their special action in this court.

We first note that the Industrial Commission of Arizona on its own behalf has filed a brief advocating an interpretation of the Industrial Commission rules which would make the questioned evidence discoverable. In *Evertsen v. Industrial Commission*, 117 Ariz. 378, 573 P.2d 69 (App.), *approved and adopted, Evertsen v. Industrial Commission*, 117 Ariz. 342, 572 P.2d 804 (1977), this court held that the Industrial Commission had no standing to file briefs before this court for unrepresented claimants. The court noted however that there could be circumstances under which an appearance by the Commission on appeal would be proper. We stated:

"[T]he court is aware that on occasion, because of legal positions assumed by the parties appearing before the Commission, the Industrial Commission has a legitimate interest in appearing as an advocate in this court to defend the integrity of the Special Fund, to defend the Commission's procedures and to assist the Court in reaching a correct result where matters involving the general interest of the Commission in carrying out its statutory authority or policies are concerned." 117 Ariz. at 382, 573 P.2d at 73, *quoting St. Luke's Hospital v. Industrial Commission*, 114 Ariz. 118, 122, 559 P.2d 674, 678 (1977) (order denying motion for rehearing).

■ The Industrial Commission has filed its brief in this case asserting that any interpretation of the rules promulgated by the Industrial Commission is a legitimate interest of the Commission entitling it to standing in this review. We agree. It appears that the issue of whether the rules of the Commission allow discovery of surveillance films will likely be a recurring problem. For this reason, while the films for which discovery is sought are in the hands of the carrier, the Commission has a legitimate interest in achieving an interpretation of a widely used rule to promote uniform rulings by its hearing officers on this important issue.

However, we agree with petitioner carrier's position that the brief filed by the Industrial Commission contains many allegations of fact which are not a part of the record below. Insofar as the brief of the Commission is not supported by the record, it has been disregarded.

■ We now turn to the merits of the instant review. The question is whether surveillance films and the names of witnesses who will testify in regard to such films are discoverable upon timely interrogatories. First, it is clear that interrogatories are available as a discovery tool under the Commission's rules. Rule 44 (A.C.R.R. R4–13–144). Petitioners contend however, that surveillance films and their attendant witnesses have been excluded from discovery by reason of Rules 31 and 47 of the Rules of Procedure for Workmen's Compensation Hearings before the Industrial Commission (A.C.R.R. R4–13–131 and R4–13–147). The pertinent parts of these rules state:

"Rule 31. Maintenance of claims file; contents; inspection and copying; exchange of medical reports

\* \* \* \* \* \*

"C. Documents or matters representing the work product of the insurance carrier, or its attorney, investigation and rehabilitation reports shall not be considered subject to inspection and copying as provided in section B hereof, and need not be maintained in the claims file.

\* \* \* \* \* \*

"Rule 47. Applicability, videotape recordings and motion pictures

"A. Any party proposing to offer a videotape recording and/or motion picture into evidence at a Commission hear-

ing shall so notify in writing the Commission and all interested parties and their authorized representatives at least forty (40) days prior to the first scheduled hearing.

\* \* \* \* \* \*

"E. This rule shall not apply to the videotape recordings and/or motion pictures obtained by surveillance."

Respondent employee concedes that surveillance films may not be discoverable absent timely and specific interrogatories. However, he argues, that such films, while not required to be produced automatically under Rule 47 and while not automatically contained within the claims file under Rule 31, are discoverable if requested in a timely interrogatory. We agree there is nothing on the face of Rule 31 or Rule 47 that requires an interpretation that surveillance films are not discoverable. Though clearly such films are not required to be made a part of the claims file under Rule 31 and such films are not subject to the mandatory disclosure provisions of Rule 47, this does not mean that these items are not discoverable by timely interrogatories. While not precisely so holding, two opinions of this court have indicated that such materials are discoverable. See *Raban v. Industrial Commission*, 25 Ariz.App. 159, 541 P.2d 950 (1975); *Lawler v. Industrial Commission*, 24 Ariz.App. 282, 537 P.2d 1340 (1975).

Having determined that nothing on the face of Rules 31 or 47 precludes the discovery of surveillance films through proper procedures, we consider the question of whether some other privilege precludes the discovery of such materials. Petitioner argues that surveillance films are not discoverable prior to hearing because either they are the work product of the attorney for the carrier or they are undiscoverable as impeachment evidence.

Interpreting the Arizona Rules of Civil Procedure, the Arizona Supreme Court held that surveillance films are not privileged against discovery on the basis either that they are a work product or that they are impeachment evidence. In *Zimmerman v. Superior Court*, 98 Ariz. 85, 402 P.2d 212 (1965), *followed in Stines v. Superior Court*, 102 Ariz. 25, 424 P.2d 153 (1967), the court stated:

"The Arizona cases beginning with *Dean* [*v. Superior Court*, 84 Ariz. 104, 324 P.2d 764 (1958)] to [*State ex rel. Willey v.*] *Whitman*, [91 Ariz. 120, 370 P.2d 273 (1962)] to our most recent pronouncement in *State Farm* [*Insurance Co. v. Roberts*, 97 Ariz. 169, 398 P.2d 671 (1965)] clearly do not give immunity to evidence because it may be used for impeachment purposes.

\* \* \* \* \* \*

"Surveillance evidence and the like, although useful for impeachment purposes under certain circumstances, also contains substantive evidence relevant to the matters in litigation and should therefore be discoverable." 98 Ariz. at 92–93, 402 P.2d at 217.

Petitioners' argument that discovery of surveillance films would simply give the workmen's compensation claimant an opportunity to rebut the inferences to be drawn from such films was also answered in *Zimmerman*. The court held that if the facts depicted in the films were true, then the defendant could not be harmed if the plaintiff's testimony at the time of trial were consistent with such facts. *Id.* at 91, 402 P.2d at 216.

■ We agree with the reasoning expressed in this connection in a specially concurring opinion in *Spencer v. Beverly*, 307 So.2d 461 (Fla.App.1975), *noted in* 35 A.L.R.3d 412, § 17(b) (1979 Supp.), where it was stated:

"Much confusion exists as a result of the attempt to differentiate between substantive evidence and impeachment evidence. For example, here the movies are described by petitioner as impeachment evidence and therefore not subject to discovery. However, if they are at all effective will they not also be substantive evidence going directly to the petitioners' injuries and damages? Thus, it seems to me it is time to articulate a rule everyone can understand and use as a guide, name-

ly: if a party possesses material he expects to use as evidence at trial, that material is subject to discovery.

\* \* \* \* \* \*

"The discovery rules were enacted to eliminate surprise, to encourage settlement, and to assist in arriving at the truth [Citation omitted.] If that be the acknowledged purpose of those particular rules, then any evidence to be used at trial should be exhibited upon proper motion. The weight of authority is that photographs and movies are not considered work product and are discoverable. [Citation omitted] 4 Moore's Federal Practice, § 26.63; *Martin v. Long Island Railroad Company*, 63 F.R.D. 53 (E.D.N.Y.1974)." 307 So.2d at 462.

In view of the more relaxed rules of evidence prevailing before the Industrial Commission, discovery before that body should not be more restrictive than that employed in the superior court. *See Northern Arizona University v. Industrial Commission*, 123 Ariz. 407, 599 P.2d 860 (App.1979).

We hold therefore that the hearing officer correctly determined that the surveillance tapes and the names of witnesses who would testify in regard to the tapes were discoverable upon timely and properly served interrogatories. Since the workmen's compensation claimant in this case timely and appropriately requested the information, the hearing officer was vested with discretion to impose sanctions on the carrier for failure to disclose such materials prior to the hearing.

We note that the issue of whether the hearing officer abused his discretion in choosing the sanction of exclusion was first raised in petitioner's reply brief before this court. Raising substantive issues for the first time in a reply brief authorizes a reviewing court to disregard the issue. *Ev-*

*ans v. Lundgren*, 11 Ariz.App. 441, 465 P.2d 380 (1970); Rule 13(c), Arizona Rules of Civil Appellate Procedure. We choose to invoke this rule here. However, for future guidance of litigants in this area we note that Rule 45 [1] provides that the Commission may compel answers to interrogatories upon proper notice and application. The failure of a proponent to seek relief under this rule, where appropriate, may well constitute a waiver of the failure to disclose. Under such circumstances imposing the sanction of exclusion might result in an abuse of discretion. In this case none of these theories were argued to the hearing officer.

For the foregoing reasons, the award is affirmed.

HAIRE, P. J., and WREN, J., concurring.

---

1. The pertinent portions of Rule 45 provide:

"A. If a party or other deponent refuses to answer any question propounded upon oral examination pursuant to Rules 42 and 43, the examination shall be completed in other matters or adjourned, as the proponent of the question may prefer. Thereafter on reasonable no-

tice to all persons affected thereby the proponent of the question may apply to the presiding hearing officer for an order compelling an answer. Upon the refusal of a deponent to answer any interrogatory submitted under Rule 44, the proponent of the question may on like notice make like application for such an order."